**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RACHEL PINKSTON,**

    **Plaintiff,**

v.                                                          Case No. 8:15-cv-1724-T-33TBM

**UNIVERSITY OF SOUTH FLORIDA**
**BOARD OF TRUSTEES, et al,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on referral for consideration of **Defendants' Motion to Involuntarily Dismiss Plaintiff's Civil Action With Prejudice** (Doc. 49) and Plaintiff's response in opposition (Doc. 83).

**A.**

On July 24, 2015, Plaintiff submitted an Application to Proceed Without Prepayment of Fees and Costs, in which she declared average monthly income of $1,003.00 and monthly expenses in the same amount.[1] (Doc. 2). She claimed to have $100.00 in her checking account, $80.00 in cash, a car valued at $1,200.00, a dependent son, and no additional sources of income. *Id.* She did not expect her financial situation to change in the next twelve months,

---

[1] A review of the Plaintiff's line item monthly expenses shows a total amount of $1,345.00, but the Plaintiff states her total monthly expenses as $1,003.00. This difference would not affect the outcome reached here, as her expenses appear greater than her income.

and claimed she had not spent, and did not intend to spend, any money for attorney fees in connection with her suit. *Id.* at 5.

On July 27, 2015, this Court granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, which the Court construed as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 4). In the Order, the undersigned found that the factual allegations in the Complaint (Doc. 1) supported that Plaintiff can make a rational argument to support a claim for alleged violations of Title IX, and her sworn statement (Doc. 2) supported her allegation of poverty. (Doc. 4 at 2).

Defendants now move to dismiss this action with prejudice, alleging that Plaintiffs' statement of indigency, made under penalty of perjury, was demonstrably false. In particular, Defendants point out that in the application to proceed in forma pauperis, question 10 asked: "Have you spent – or will you be spending – any money for expenses or attorney fees in conjunction with this lawsuit?" to which Plaintiff answered "No." (Doc. 2 at 5). However, in a subsequent filing (Doc. 45), Plaintiff admitted that she "paid an $1800 cash retainer by Western Union to Counsel and also signed a Contingency Free Agreement on 06/08/2015." Defendants assert that this conclusively demonstrates that her sworn application to proceed without paying the filing fee is untrue and that she materially misrepresented her financial status. Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 41(b) and 28 U.S.C. § 1915(e)(2)(A). They argue that such dismissal should be with prejudice because Plaintiff intentionally perpetrated a fraud on the Court or engaged in actions tantamount to bad faith. (Doc. 49).

Plaintiff, who is now proceeding *pro se*, responds that at the time she filed her affidavit she was receiving Veterans Administrative CH35 Education Benefits in the amount of $1,003.00 per month.[2] In order to pay her former attorney the $1,800 retainer he requested, Plaintiff applied for and was approved for a credit cash advance at a 29.99% interest rate. She asserts that she did not intend to mislead the Court regarding payment of attorney's fees. She asks that Defendants' motion be denied. Alternatively, if the Court deems that she should now pay the filing fee, she claims she will try to borrow more money to pay said fee. (Doc. 83).

**B.**

It is well-settled in this Circuit that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court. *Carter v. Thomas*, 527 F.2d 1332, 1333 (5th Cir. 1976).[3] Title 28 U.S.C. § 1915, provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

---

[2] In her response, Plaintiff does not indicate her current income.

[3] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

The statute further provides that the court shall dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(A), (B).[4] Notably, the statute does not specify whether dismissal is to be with or without prejudice.

In *Camp v. Oliver*, the Eleventh Circuit Court noted:

> Not every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma pauperis* eligibility and dismissal of the complaint. For example, a petitioner who states he has only $20.00 is not appreciably less indigent if it is subsequently established that he has $20.30. The purpose of section 1915 permitting dismissal if the affidavit of poverty is untrue is not to punish the litigant whose affidavit contains an insignificant discrepancy, but to weed out the litigant who falsely understates his net worth in order to obtain *in forma pauperis* status to which he is not entitled based upon his true financial worth.

798 F.2d 434, 438 n.3 (11th Cir. 1986).

Relying largely upon the rationale espoused in *Camp v. Oliver*, the Eleventh Circuit recently revisited the subject and explained:

> This Court views 'dismissal with prejudice in the context of section 1915 as an extreme sanction to be exercised only in appropriate cases.' Dismissal with prejudice is not warranted '[i]n the absence of a finding of bad faith misstatement of assets, litigiousness or manipulative tactics. We have consistently held that 'dismissal with prejudice [is] a drastic sanction to be applied only after lesser sanctions are considered and found inadequate.'

---

[4]Title 28 U.S.C. § 1915 was amended in 1996 to make dismissal mandatory if either circumstance was present. The prior version provided that a court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

4

*Ross v. Fogam*, __ Fed. App'x __, 2016 WL 66668, at *5 (11th Cir. Jan. 5, 2016) (internal citations omitted, alterations in original).  There, the Court reversed the district court's dismissal with prejudice that was based in large part upon the plaintiff's failure to disclose a $25,000 settlement in his application to proceed *in forma pauperis*.  It found that the district court erred in imposing the extreme sanction of dismissal with prejudice in the given circumstances.  *Id.* at *8.

**C.**

Here, Defendants request the drastic sanction of dismissal with prejudice based solely on Plaintiff's failure to disclose that, prior to filing the instant lawsuit, she paid her (former) attorney a retainer of $1,800 and signed a contingency fee agreement.  While Plaintiff admits that she did indeed take a cash advance to pay her former attorney, and such was not disclosed, Defendants' requested sanction of dismissal with prejudice is much too severe.[5]

Defendants assert that because Plaintiff paid her attorney $1,800, her allegation of poverty must be untrue; the Court disagrees.  Simply because Ms. Pinkston at one point had $1,800 does not mean that she is not impoverished nor that her allegation of poverty was or is untrue.  Certainly, if Plaintiff had disclosed that she had $1,800 in cash or that such was paid her then-attorney, the Court's inquiry would have been more involved, but such is not the case.  In the facts presented, Ms. Pinkston borrowed $1,800 on a high interest credit card six weeks prior to filing the suit so as to obtain counsel.  Such appears as a debt rather than an

---

[5]It appears true that Plaintiff, approximately one and half months prior to initiating the instant lawsuit, paid a retainer of $1,800 to her former attorney, Mark Tietig, and signed a contingency fee agreement with his firm.

5

asset and, by the time the affidavit was signed and the suit was filed, she no longer had the money .

Defendants' assertions that the misrepresentation was "material" and made "in bad faith" are also flawed. First, as to the materiality of the representation, Defendants assert without explanation that the misstatement is material. As explained above, simply because an individual at one point was able to borrow funds to pay a small retainer but no longer had them at the time of filing does not automatically give rise to the inference that the individual is not impoverished. Moreover, Defendants cite no case that declares an individual cannot be considered indigent because they saved or borrowed money to pay such retainer to an attorney.[6]

And, Defendants' conclusory assertion that the misrepresentation is "tantamount to bad faith" is incorrect in the circumstances of this case. By my consideration, the mere fact of this omission is insufficient to warrant any finding of bad faith. Defendants have presented no evidence that Plaintiff has engaged in a pattern of deceit, nor an intentional or sentient plan to manipulate the Court.

In sum, the Court does not find that Plaintiff's allegations of poverty were materially untrue or that Plaintiff engaged in bad faith in submitting her application to proceed *in forma pauperis*.

---

[6] By this Court's consideration, it appears that the better practice would have been for Plaintiff's former attorney to use the $1,800 retainer funds he received as a costs retainer. That, however, does not appear the case.

**D.**

Accordingly, I **RECOMMEND** that the **Defendants' Motion to Involuntarily Dismiss Plaintiff's Civil Action With Prejudice** (Doc. 49) be **DENIED.**

> Respectfully submitted on this
> 25th day of February 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
Virginia M. Hernandez Covington, United States District Judge
*Pro se* Plaintiff
Counsel of record