UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL PINKSTON,

      Plaintiff,

v.                         Case No. 8:15-cv-1724-T-33TBM

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

      Defendants.
_____/

**ORDER**

On March 31, 2016, the Court ordered Plaintiff Rachel Pinkston to deliver documents, medical records, or doctor's statements regarding her parents' hospitalizations to the Court for *in camera* review. (Doc. # 147). On April 6, 2016, Pinkston filed a Motion for Reconsideration/Relief, requesting the Court to reconsider the March 31, 2016, Order. (Doc. # 150). The Court denied Pinkston's Motion on April 8, 2016, advising that "[p]roof of hospitalization is necessary for the Court to determine whether sanctions are appropriate in this case." (Doc. # 153 at 5).

In its April 8, 2016, Order, the Court directed Pinkston to submit (1) "formal proof of hospitalization, verifying the date and the duration of each parent's hospitalization," or (2) "a note from each parent's healthcare provider, i.e., the

treating physician, confirming the date and duration of each parent's hospitalization." (Id.). The Court instructed Pinkston that "[t]he documents should be delivered directly to the undersigned's chambers in a sealed envelope marked in camera" no later than April 15, 2016. (Id. at 6).

On April 8, 2016, Pinkston filed her Notice of Compliance, agreeing to submit the requested documents. (Doc. # 154). Thereafter, on April 11, 2016, the Court received several documents from Pinkston relating to her parents' hospitalizations. However, these documents do not comply with the Court's March 31, or April 8, 2016, Orders.

As previously ordered, Pinkston must provide the Court with formal proof of the dates that each parent was hospitalized. This information is necessary to determine whether Pinkston has been forthcoming regarding (1) the need to continue the March 3, 2016, telephonic hearing; (2) the reason Pinkston failed to attend her independent medical examination on March 10, 2016; (3) the reason Pinkston requested additional time to comply with the Magistrate Judge's discovery Orders; and (4) the reason her parents neglected to attend their depositions on March 8, 2016.

As to the March 3, 2016, telephonic hearing, Pinkston has submitted no proof that her mother was hospitalized on

that date. At most, the submitted documents indicate that Pinkston's mother underwent medical testing on March 3, 2016, but do not reveal specifically that she was in the hospital or intensive care at the time. Pinkston fails to provide the Court with any documentation of the dates her mother was admitted to and discharged from the hospital. From the documents submitted, the Court cannot determine the duration of Pinkston's mother's hospitalization. Thus, the Court cannot verify Pinkston's claim that on the evening of March 2, 2016, when she filed her Emergency Motion for Continuance, her mother was "currently hospitalized and receiving intensive medical treatment." (Doc. # 93 at 1).

Furthermore, the documents do not explain Pinkston's absence from the independent medical examination on March 10, 2016. Pinkston submitted hospital records, which confirm that her father was hospitalized on that date. However, Pinkston has not presented any documents that support her prior claim that she brought her father to the hospital at 8:00 AM. (See Doc. # 104 at 2). Rather, the documents only indicate that Pinkston's father was not admitted to the hospital until 3:21 PM. The documents do not include the time that Pinkston's father first arrived at the hospital. Without this information, Pinkston has not demonstrated to the Court why

3

she could not attend the independent medical examination at 11:00 AM, or why she could not inform defendants' counsel of her expected absence.

After the March 3, 2016, hearing, the Magistrate Judge ordered Pinkston to provide full and complete responses to Defendants' interrogatories and requests for production. (Doc. # 97 at 7). On March 10, 2016, Pinkston then filed her Motion for Relief from Court Order, in which she requested that any noncompliance with the Order be considered excusable and asked that no activity take place in the case for seven days. (Doc. # 104 at 2). Pinkston claimed that she "is not willfully or defiantly disregarding any Order of the Court and would do no such thing. [She] is and has been extremely busy with both parents having serious medical emergencies simultaneously." (Id.). However, the documents submitted to the Court do not provide the dates and durations of her parents' hospitalizations such that the Court can determine whether her failure to comply with the Court Order was justified or excusable.

Finally, the documents that Pinkston has provided do not explain her parents' failure to attend their depositions. Pinkston's mother and father were each served on February 25, 2016, with a Subpoena to Testify at a Deposition. (Doc. ##

4

110-5, 110-6). The subpoenas informed each parent they were required to testify at depositions on March 8, 2016, and advised that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." (Doc. ## 110-5 at 3, 5; 110-6 at 3, 5).

The Court recognizes that Pinkston is not responsible for her parents' behavior. Nonetheless, the Court is troubled that neither Pinkston's mother nor her father asked to be excused from their scheduled depositions. In addition, the documents that Pinkston has provided do not contain enough information to explain her parents' absence from their depositions. The documents do not confirm that Pinkston's mother was hospitalized on March 8, 2016; nor do they indicate that her father was unavailable for his deposition on March 8, 2016; nor do they explain her parents' decision not to notify defense counsel of their expected absence.

This Court has "repeatedly stressed to Pinkston[] [that] her compliance with Court Orders and discovery requests is necessary to prevent sanctions, which could include dismissal of this action." (Doc. # 153 at 5). The Court has given Pinkston several opportunities to provide formal proof of her parents' hospitalizations and has even permitted Pinkston to

submit these documents *in camera* and *ex parte*. The Court recognizes that this placed the Defendants in a difficult position, but it did so in an effort to give Pinskton every opportunity to comply with the Court's Orders while still protecting the privacy of her parents' medical information.

In an abundance of fairness, the Court will give Pinkston one last opportunity to produce the requested documentation *in camera*. However, in the interest of fairness and transparency to the Defendants, the Court will not allow Pinkston to submit these documents *ex parte*. The Court again emphasizes that it does not wish to invade Pinkston's parents' privacy – a simple note from a treating physician as to the dates and times of hospitalization will do. The Court has no interest in learning about the treatment options, diagnoses, or other personal medical information.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff shall, **by April 19, 2016,** deliver to the undersigned's chambers, and serve upon counsel for Defendants, a doctor's note or a statement signed by a hospital representative, verifying the date and the duration of each parent's hospitalization.

6

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of April, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE