**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RACHEL PINKSTON,

               **Plaintiff,**

v.                                       **Case No. 8:15-cv-1724-T-33TBM**

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al,

               **Defendants.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on referral for consideration of **Plaintiff's Motion for Temporary Injunction** (Doc. 160), which the Court construes as a motion for preliminary injunction, and Defendants' response in opposition (Doc. 165).[1]  For the reasons set forth herein, I recommend that the motion be **denied.**

### I.

### A.

Plaintiff initiated the instant action on July 24, 2015.  (Doc. 1).  By her Second Amended Verified Complaint, filed in April 2016, she sues the University of South Florida Board of Trustees (USF), as well as Randy Larsen, David Merkler, and Matthew Battistini, each a white male.  (Doc. 159).  Therein, she asserts six counts alleging claims for: discrimination and retaliation under Title IX against Defendant USF (Counts I and II);

---

[1]During a status hearing conducted May 12, 2016, Plaintiff indicated that she did not want a hearing on the motion and that she wished the Court to rule on the papers.

discrimination in the making and enforcement of contracts and retaliation under section 1981 against all Defendants (Counts III and IV); and discrimination and retaliation under section 1983 against all Defendants (Counts V and VI).  At the heart of each claim, is Plaintiff's allegation that she was wrongfully denied her bachelor's degree after having been conferred the degree at a ceremony on May 1, 2015.  She seeks an order directing the delivery of her degree; reinstatement of a B- grade in a basic biochemistry lab course; compensatory and punitive damages; and other remedial measures, together with attorney's fees, costs, and injunctive relief.  *Id.*

In brief, Plaintiff alleges that she is an African-American woman, who during her time as a student at the University of South Florida (USF) was discriminated against due to her race and gender.  She was recruited to and began attending USF in the 2011 as a biochemistry major.  During the spring 2015 semester, she was enrolled in Basic Biochemistry Laboratory course (BCH 3023L), taught by Defendant Merkler and with the laboratory section overseen by Defendant Battistini.  Defendant Larsen served as Chair of the Chemistry Department.  Plaintiff claims that she earned an overall grade of 74.2% in the course, which was designated as a B-, by the University.

On May 1, 2015, she participated in USF's Commencement ceremony and was conferred her degree by the USF President.  Following the ceremony, on May 15, 2015, she alleges that Defendants changed her Biochemistry Lab grade to a C-, in effect, a failing grade and rescinded her degree.  She claims that Defendants' actions were motivated by racial and gender animus and in retaliation for her complaints regarding their discriminatory behavior.

2

She alleges various race- or gender-based statements made by Defendants Larsen, Merkler, and Battistini in support of her claims for discrimination and retaliation.[2]

**B.**

By the instant verified motion (Doc. 160), Ms. Pinkston moves pursuant to Federal Rule of Civil Procedure 65(b) for an injunction to "maintain the status quo and to direct Defendants to deliver [her Bachelor's degree in Chemistry]" which she claims was "certified by [the USF Dean of Arts and Sciences] and conferred to Plaintiff by [the USF President] during USF Sun Dome Commencement exercises on May 1, 2015."[3]  She claims that she earned an overall grade of 74.2% in her Basic Biochemistry Lab course, which was designated as a B-.  On graduation day, she was properly issued her academic completion certification card at Commencement and was officially conferred her degree.  However, on May 15, 2015, she was notified by USF that she was "being denied graduation" and her degree was being rescinded.  She alleges that Defendants changed her earned grade of a B- to a C- two full weeks after the Commencement ceremony in a deliberate effort to prevent the delivery of her conferred degree.[4]  She claims that she satisfies the four requirements

---

[2]Defendants have filed two motions to dismiss the Second Amended Complaint (Docs. 166, 167), which remain pending before the district judge.

[3]The district judge denied her request for a temporary injunction under Rule 65(b), but referred the motion "to the extent it may be construed as a motion for preliminary injunction." (Doc. 161).  A previous motion for temporary injunction (Doc. 62) was also denied.  (R. 68, 139).

[4]In support, she attaches her college transcript, the Chemistry department degree requirements, her grades, the Biochemistry course syllabus, USF Commencement program from May 1, 2015, photos from Commencement, and the USF Baccalaureate degree requirements.  (Docs. 160-1 - 160-7).

necessary to impose an injunction and asks the Court to prevent Defendants from wrongfully withholding her degree and direct Defendants to reinstate her bachelor's degree.

In their response (Doc. 165), Defendants argue that Plaintiff's motion must be denied because she has failed to meet the heavy burden necessary for issuance of a preliminary injunction. They assert that Plaintiff's request for conferral of her degree invades province of academic institutions to make academic decisions, which is well-established under the law. As a factual matter, Defendants claim that Plaintiff failed to achieve the required exam scores to receive a passing grade in the Biochemistry Lab course. As was required by the course syllabus, all students had to obtain sixty points out of 150 on their two exam scores, regardless of the overall value of quizzes, lab reports, and decorum. Plaintiff's combined score on the exams was forty-six points, fourteen points shy of the sixty necessary. (*See* Doc. 165-2). Moreover, they assert that Plaintiff was well aware that she did not meet the grade requirement as of April 28, 2015, but threatened Mr. Battistini with a federal lawsuit if he did not re-visit her exam scores. (*See* Doc. 165-3 at 9). Defendants claim that Plaintiff also emailed the Department Chair Larsen the following day regarding her grade, stating "we may have to seek in injunction in the next day or so since graduation is next Friday morning." Dr. Larsen advised her that she would have to file a complaint with the University's Equal Opportunity Office. (*See* Doc. 165-1). Despite this knowledge, she registered for and participated in the Commencement ceremony on May 1, 2015. In registering for the Commencement ceremony, Defendants point out that she agreed to the disclaimer: "The Commencement ceremony is not a certified ceremony where diplomas are presented and attendance does not mean a degree has been earned. Although the presenter may verbally

4

state that the degree is conferred, that statement is made with the understanding that the

student remains responsible for ensuring that all degree requirements are met and final

certification is obtained for the degree to be officially conferred." (*See* Doc. 165-4).[5]

Defendants further argue that the relief Plaintiff requests does not maintain the *status*

*quo* as she alleges, but rather changes the *status quo* and awards Plaintiff the ultimate relief

she seeks in this suit, which is not the proper purpose of a preliminary injunction.  In any

event, Plaintiff fails to establish a likelihood of success on her claims, irreparable harm, nor

the remaining factors necessary for issuance of an injunction.  *Id.*

## II.

Rule 65(a) of the Federal Rules of Civil Procedure governs the entry of a preliminary

injunction.  The purpose of a preliminary injunction is to maintain the *status quo* until the

court can enter a final decision on the merits of the case.  *Bloedorn v. Grube*, 631 F.3d 1218,

1229 (11th Cir. 2011).  A party seeking entry of a preliminary injunction must establish: (1) a

substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if

the injunction is not granted; (3) the threatened injury to the moving party outweighs

whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the

injunction would not be adverse to the public interest.  *Forsyth Cnty. v. U.S. Army Corps of*

*Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quotations omitted).

---

[5]In support of its response, Defendants file the declarations of individual Defendants
Randy Larsen, David Merkler, and Matthew Battistini, as well as Entela Balliu Caisse,
Commencement Director for USF.  (Docs. 165-1 - 165-4).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id.* (quoting *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009)).  The entry of a preliminary injunction is "the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1179 (11th Cir. 2000) (quoting *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).  A plaintiff may support its motion for a preliminary injunction by setting forth allegations of specific facts in affidavits.  M.D. Fla. R. 4.06(b)(2), 4.06(b)(3).  In considering a motion for preliminary injunctive relief, a district court may rely on affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction.  *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

### III.

At the outset, it bears repeating that the stated relief sought by Plaintiff on this motion is an order "to maintain the status quo and to direct Defendants to deliver [to her] her Bachelor of Arts degree in Chemistry ...."  (Doc. 160 at 1).  As noted by Defendants, in actuality Plaintiff's motion does not seek to maintain the *status quo* (in which she has no diploma), but instead seeks, by way of preliminary injunction, the ultimate case-dispositive determination that she should receive her diploma.  By my reading, Plaintiff seeks a return to

6

what she perceives as the *status quo ante*.  This type of mandatory preliminary injunctive relief is particularly disfavored and the party moving for such bears an even heavier burden.[6]

As set forth below, Plaintiff seeks this relief without the necessary showing of irreparable harm and without adequate showing that she is likely to succeed on her claims of race- or gender-based discrimination.  And, while she frames the request as a "reinstatement" of her degree made necessary because of the race- and gender-based discrimination by USF and the individual defendants, it is, on the proffered evidence, doubtful that she can show that her degree was ever conferred.[7]  In any event, her motion fails to make an adequate connection between the discrimination and the non-conferral of her degree.  In short, on the basis of the proffered matters, the motion for preliminary injunction is not well-taken and should be denied.

---

[6]"A typical preliminary injunction is prohibitive in nature and seeks simply to maintain the status quo pending a resolution of the merits of the case."  *Haddad v. Arnold*, 784 F. Supp. 2d 1284, 1295 (M.D. Fla. 2010).  When a preliminary injunction is sought to force another party to act, rather than simply to maintain the status quo, it becomes a "mandatory or affirmative injunction" and the burden on the moving party increases. *Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.,* 441 F.2d 560, 561 (5th Cir. 1971).  Such relief "'should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.'"  *Id.* (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callander,* 256 F.2d 410, 415 (5th Cir. 1958)); *see also Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) ("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.").

[7]Suffice it to say that the evidence proffered by Defendants indicates that Plaintiff never actually received a degree because she did not satisfactorily complete the requirements for same.

First, Plaintiff fails to demonstrate an irreparable injury in the event preliminary injunctive relief is denied.[8]  She complains that she is suffering a career injury and personal hardship by the denial of her well-earned degree; she is unable to get on with her professional career without her degree; and she cannot earn a living in the advanced science field.  But her assertion ignores that these harms, if established, are quantifiable and compensable by monetary damages.  Stated otherwise, Plaintiff fails to articulate that she is without an adequate remedy at law in this regard.  Her claims center on the denial of her degree and the monetary damages and loss of employment opportunities that flow from that degree.  She makes no showing that her remedies at law are inadequate.

In addition, she claims that at age twenty-eight, she is approaching the age when she will be ineligible to enroll in Officer Candidate School to become a commissioned officer in the U.S. military and ultimately a medical doctor.  Apart from noting her age, she proffers no support that such harm is imminent or real or that her well-earned degree is a necessary predicate to admission.  In these circumstances, I find no irreparable harm in the denial of injunctive relief pending a resolution on the merits of her entitlement to a bachelor's degree in chemistry.  *See Phillips v. Marsh*, 687 F.2d 620, 622 (2nd Cir. 1982) (reversing preliminary injunctive relief on a finding that any damages from deferring plaintiff's career as a military officer would be compensable by monetary damages).

---

[8]The presiding district judge has twice denied temporary injunctive relief because of the failure to demonstrate irreparable harm.  (*See* Docs. 68, 161).

8

Next, Plaintiff fails to show a likelihood of success on the merits of any of her discrimination or retaliation claims.[9]  In support, she again asserts as an established fact that she was conferred a degree.  She chiefly relies upon the fact that she participated in the May 1, 2015, graduation ceremony during which it was announced that all participants had met the requirements for a degree.  She makes no showing on this motion of a race- or gender-based animus as contributing to any change of grade or the post-ceremony advisement that she had not completed the requirements for a degree.  Thus, with regard to her claims under Title IX, Section 1981, and Section 1983, she makes no adequate showing by direct or circumstantial evidence that her race or gender was a contributing factor to the denial of her degree.  Nor does she show that the decision by the University was pretextual or for any reason other than the stated nondiscriminatory reason that she had not completed all the requirements for a degree in Chemistry.  While she claims she obtained a B- grade in the Biochemistry Lab course at issue, even by her proffered evidence that course required that to obtain a C grade or better, she had to obtain an average of 40% or higher for the two exam scores, or more than 60/150.  (Doc. 160-4).  As reflected by her submission, she fell short of that requirement.  (Doc. 160-3) (indicating that her scores for Exams 1 and 2 were 33 and 13, respectively).  Furthermore, Plaintiff makes no showing of any particular action taken against her by the individual Defendants in either changing her grades or in rescinding her conferred degree.

---

[9]Rather than addressing the merits of her discrimination claims, Plaintiff asserts allegations such as, the "[c]onducts (sic) of the named Defendants has been outrageous and outside the bounds of university ethics and policy," their unlawful grade change was a "last act of desperation" to prevent delivery of her earned degree, and that the their "actions unlawfully and without notice changed the status quo."  (Doc. 160 at 11-12).  No proper attention is paid to the nature and requisites of her claims.

By contrast, Defendants proffer that the reason Plaintiff was not awarded a degree was because she failed to earn a C grade or better in the Biochemistry Lab course – a prerequisite for her degree.  The argument is supported by the declarations of the individual Defendants who were the Department Chair, the course professor, and course lab instructor for this lab, who attest to the graduation requirements and course requirements and the fact that Plaintiff's test scores fell below the score required for a C grade in the course and required for a degree. (Docs. 165-1 - 165-3).  According to Professor Merkler, Plaintiff's combined score on the two exams was forty-six out of sixty, fourteen points below the sixty-point threshold.  (Doc. 165-2).  Professor Merkler attaches graded copies of the two exams to his affidavit.  *Id.* at 12-33.  According to Mr. Battistini's declaration, he graded the tests and uploaded the grades into the University's system.  (Doc. 165-3).  None of these individuals claim the power to be able to either confer or rescind a degree.  (*See* Docs. 165-1 - 165-3).  Whereas Plaintiff fails to proffer proof of race- or gender-based animus, each individual Defendant denies race or gender played any role in their actions.  *Id.*

Defendants also urge that Plaintiff fails to demonstrate a *prima facie* case of discrimination or retaliation under the *McDonnell Douglas* burden-shifting framework.[10]  By this argument, to establish a *prima facie* case of gender or racial discrimination Plaintiff must

---

[10]Under this three-part framework, the plaintiff has the initial burden of establishing a prima facie case by a preponderance of the evidence.  If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the action.  If the defendant offers a legitimate, nondiscriminatory reason, the plaintiff must provide evidence that the proffered nondiscriminatory reasons is pretextual.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

show that (1) she is a member of a protected class; (2) she was subjected to an adverse

academic action; (3) Defendants treated similarly situated students who were not members of

her protected class more favorably; and (4) she was otherwise academically qualified.

*Bowers v. Bd. of Regents of Univ. Sys. of Georgia*, 509 Fed. App'x 906, 910 (11th Cir. 2013)

(citing *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006)).  Plaintiff

fails to allege that anyone outside of her protected class was treated more favorably than she

was.  Moreover, Plaintiff fails to show that she was qualified for her degree.  Even if she

could establish a *prima facie* case, she fails to proffer any evidence that the Defendants'

stated reason for denying her the degree was pretextual.

As to the claims of retaliation, Defendants again argue that Plaintiff has failed to make

a *prima facie* case, as she has not shown any causal link between her complaints to the

University's Equal Opportunity office and her grade in Biochemistry.  They claim that her

complaints of race and gender discrimination occurred *after* she received notification of the

C- grade on April 28, 2015, and thus provide no causal connection between the adverse

academic decision and her failure to pass the class and obtain a degree.  Upon review of the

motion for injunction and in light of her complaint (Doc. 159), it is undisclosed by Plaintiff

when exactly she claims to have reported instances of discrimination.  Thus, this Court is

unable to make a determination regarding any causal connection.

On this motion, Defendants clearly make the better argument and proffer the more

convincing evidence refuting her allegations.  Thus, I am obliged to find that Plaintiff fails to

demonstrate a likelihood of success on the merits of her claims.

11

Finally, case law supports that the decision to confer a degree is an academic one, not to be judicially overridden except in rare circumstances.  In *Regents of University of Michigan v. Ewing,* 474 U.S. 214 (1985), on admittedly different facts, the Supreme Court recognized that "[w]hen judges are asked to review the substance of a genuinely academic decision, such as this one, they should show great respect for the faculty's professional judgment.  Plainly, they may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment."  *Id.* at 225; *see also Haberle v. Univ. of Alabama in Birmingham*, 803 F.2d 1536, 1539-40 (11th Cir. 1986).  While Plaintiff *may* ultimately prove that the denial of her degree was racially or gender motivated, such is not apparent from this motion and the entry of a preliminary injunction awarding her a degree prematurely would unduly harm the academic standards and processes of USF.  Moreover, such a ruling would, in the circumstances, disserve the public interest.

The record presented simply does not support Plaintiff's requested relief.

## IV.

Accordingly, for the reasons set forth above, I **RECOMMEND** that the **Plaintiff's Motion for Temporary Injunction** (Doc. 160), construed as a motion for preliminary injunction, be **DENIED**.

Respectfully submitted on this
18th day of May 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

12

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
Virginia M. Hernandez Covington, United States District Judge
*Pro se* Plaintiff
Counsel of record