```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

RACHEL PINKSTON,

    Plaintiff,

v.                           Case No. 8:15-cv-1724-T-33TBM

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Defendants Randy Larsen, David Merkler, and Matthew Battistini's Motion to Dismiss Plaintiff's Second Amended Verified Complaint (Doc. # 166), as well as Defendant University of South Florida Board of Trustees' Motion to Dismiss Plaintiff's Second Amended Verified Complaint (Doc. # 167). Plaintiff Rachel Pinkston filed a response to both Motions on May 26, 2016. (Doc. # 178). With leave of Court, Larsen, Merkler, Battistini, and USF filed a reply on June 2, 2016. (Doc. # 188). For the reasons herein, the Court grants the Motions in part.

**I.   Background**

While enrolled at Florida Memorial University, Pinkston was encouraged to transfer to USF by a recruiter. (Doc. # 159

at 2). Pinkston subsequently enrolled at USF in the summer session of 2011. (Id.). When Pinkston transferred to USF she had earned 74 credit hours at Florida Memorial University. (Id.). And, while at USF, Pinkston earned 117 credit hours. (Id. at 2-3). Pinkston's chosen major was chemistry with an emphasis in biochemistry. (Id. at 3).

Larsen was a tenured professor at USF and the department chair of the chemistry department. (Id.). Merkler was also a tenured professor with the chemistry department and Battistini was his graduate student. (Id.). Battistini was also Merkler's teaching assistance for a basic biochemistry lab course in which Pinkston was registered. (Id.). Larsen, Merkler, and Battistini are all Caucasian males, whereas Pinkston is an African-American female. (Id. at 2).

Pinkston further alleges that "her outstanding work [was] systematically graded down by the named Defendants." (Id. at 3). As to the basic biochemistry lab course for which Merkler served as teaching assistant, Pinkston alleges she received a "grade of 74.2% in the course, which was designated as a 'B-' for the Basic Biochemistry Laboratory." (Id.). Thereafter, Pinkston purchased graduation regalia and participated in the graduation ceremony held at USF on May 1, 2015. (Id. at 3-4). Then, on May 15, 2015, Pinkston received

an email indicating "she was 'being denied graduation' and her 'degree was being rescinded.'" (Id. at 5). According to Pinkston, her degree was "rescinded" because Larsen, Merkler, and Battistini changed her grade from a B- to a C-. (Id.). Larsen, Merkler, and Battistini allegedly effected the grade change "as a last act of retaliation out of desperation." (Id.).

Pinkston then instituted this action on July 24, 2015. (Doc. # 1). Before the Court held its Case Management and Scheduling Conference, Pinkston filed an Amended Complaint. (Doc. # 18). However, upon the motions of Larsen, Merkler, and Battistini (Doc. # 24), and USF (Doc. # 26), the Amended Complaint was dismissed. (Doc. ## 133-34). Pinkston was granted leave to file a second amended complaint though, which she did on April 22, 2016. The Second Amended Complaint brings the following counts:

> Count I—Discrimination under Title IX against USF;
> Count II—Retaliation under Title IX against USF;
> Count III—Discrimination under 42 U.S.C. § 1981 against all Defendants;
> Count IV—Retaliation under 42 U.S.C. § 1981 against all Defendants;
> Count V(a)—Discrimination under 42 U.S.C. § 1983 against all Defendants; and
> Count V(b)—Retaliation under 42 U.S.C. § 1983 against all Defendants.

(Doc. # 159 at 8, 10, 12, 13, 15, 16).[1] Larsen, Merkler, and Battistini moved to dismiss the Second Amended Complaint, as did USF. The Motions are ripe for review.

## II. Standard of Law

The pending Motions are brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A 12(b)(1) motion to dismiss may assert either a facial or factual attack. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack "require[s] the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for purposes of the motion." Id. at 1529 (original alterations and citation omitted). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." Id. (citation omitted).

In contrast, a factual attack "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the

---

[1] The Second Amended Complaint includes two Counts labeled as Count V. Thus, to avoid confusion, the Court refers to the Counts as Counts V(a) and V(b).

pleadings, such as testimony and affidavits, are considered." Id. (citation and internal quotations marks omitted). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (citation omitted).

On a motion to dismiss brought under Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). A "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (internal citation omitted).

**III. Analysis**

As a preliminary matter, the Court briefly addresses Pinkston's arguments that the Motions should be denied for failure to comply with the Federal Rules of Evidence, Federal Rules of Civil Procedure, and Local Rules. Pinkston asserts the Motions should be denied for putatively violating a litany of Rules of Evidence and Civil Procedure; however, she provides no citation to controlling, or even persuasive, authority from another court. Pinkston's arguments with respect to the Rules of Evidence and Civil Procedure are, in short, unpersuasive.

Pinkston further argues the Motions should be denied for failure to comply with Local Rule 3.01(h). Local Rule 3.01(h) requires all dispositive motions to be designated as dispositive in the caption of the motion, as well as requiring the movant of such a motion to file a notice with the Court if the motion has been pending more than 180 days. But, Pinkston's argument as to Local Rule 3.01(h) has been rejected under similar contexts. See, e.g., Barr v. One Touch Direct, LLC, No. 8:15-cv-2391-T-33MAP, 2016 WL 1621696, at *2 (M.D. Fla. Apr. 22, 2016) (citing McLaughlin v. Brennan, No. 3:13-cv-987-J-34-MCR, 2016 WL 1271514, at *3-4 (M.D. Fla. Mar. 31, 2016)). Accordingly, the Court declines to deny the Motions on the sole grounds that they violate Local Rule 3.01(h).

**A.  Title IX**

Counts I and II of the Second Amended Complaint bring discrimination and retaliation claims, respectively, under Title IX against USF. In both Counts I and II, Pinkston alleges she was discriminated on the basis of race and sex. (Doc. # 159 at ¶¶ 8, 19-20).

It is settled, however, that Title IX prohibits discrimination on the basis of sex, not race. See Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 286 (1998) (stating, "[t]he statute was modeled after Title VI of the

7

Civil Rights Act of 1964, which is parallel to Title IX except that it prohibits race discrimination, not sex discrimination") (internal citations omitted); Rollins v. Bd. of Trs. of the Univ. of Ala., No. 14-14882, 2016 WL 1399375, at *12 (11th Cir. Apr. 11, 2016) (noting Title IX prohibits discrimination on the basis of sex). Accordingly, Count I is dismissed with prejudice to the extent it attempts to bring a claim on the basis of racial discrimination.

Pinkston's retaliation claim also fails to the extent it is premised on the theory that USF retaliated against her for complaining of putative racial discrimination. See T.L. ex rel. Lowry v. Sherwood Charter Sch., 68 F. Supp. 3d 1295, 1311 (D. Ore. 2014) (stating, "the plaintiff must show that he or she was retaliated against because he or she complained of sex discrimination . . . . That is, the protected activity must be that the plaintiff complained of sex discrimination and not other conduct.") (internal citations omitted). Therefore, Count II is dismissed with prejudice to the extent it attempts to bring a claim on the basis of racial discrimination.

To state a prima facie case of disparate treatment under Title IX a plaintiff must show that (1) plaintiff is a member of a protected class, (2) plaintiff was subject to an adverse

8

educational action, (3) defendants treated similarly situated students who were not members of plaintiff's protected class more favorably, and (4) plaintiff was qualified. See Bowers v. Bd. of Regents of Univ. Sys. of Ga., 509 Fed. Appx. 906, 910 (11th Cir. 2013). To state a prima facie case of retaliation under Title IX, a plaintiff must demonstrate "(1) [plaintiff] engaged in statutorily protected expression; (2) the [defendant] took action that would have been materially adverse to a reasonable person; and (3) there was a causal link between the two events." McCullough v. Bd. of Regents of Univ. Sys. of Ga., 623 Fed. Appx. 980, 982 (11th Cir. 2015).

"Even if a plaintiff need not plead a prima facie case to survive dismissal, the complaint must satisfy [Ashcroft v. Iqbal's, 556 U.S. 662 (2009),] 'plausible on its face' standard, and the allegations must be sufficient to 'raise a right to relief above the speculative level' under [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)]." McCullough, 623 Fed. Appx. at 983. This, Pinkston has not done with respect to the sex discrimination claim. The Second Amended Complaint fails to identify or allege the existence of a non-class comparator who was treated more favorably. Thus, Pinkston has failed to state claim of sex discrimination. See Doe v. Univ. of S. Fla. Bd. of Trs., No. 8:15-cv-682-T-30EAJ,

9

2015 WL 3453753, at *4 (M.D. Fla. May 29, 2015) (dismissing Title IX claim because plaintiff failed to identify non-class comparator who was treated more favorably).

However, Pinkston has sufficiently stated a cause of action for retaliation under Title IX. Pinkston alleges she was denied her degree because she had reported instances of sexual discrimination. (Doc. # 159 at 10-12). While the Court is mindful of USF's arguments to the contrary, it declines to go beyond the four corners of the Second Amended Complaint. USF may raise its arguments again, in addition to any that might become relevant after discovery, at the summary judgment stage.

### B. Section 1981 and 1983 Claims

Counts III and IV of the Second Amended Complaint assert claims of discrimination and retaliation, respectively, under 42 U.S.C. § 1981 against all Defendants. Counts V(a) and V(b) of the Second Amended Complaint bring claims of discrimination and retaliation, respectively, against all Defendants under 42 U.S.C. § 1983.

#### 1. Eleventh Amendment Immunity and USF

USF argues Pinkston's §§ 1981 and 1983 claims are barred by the Eleventh Amendment to the United States Constitution. An assertion of Eleventh Amendment immunity challenges a

court's subject matter jurisdiction and "must be resolved before a court may address the merits of the underlying claim(s)." See Seaborn v. State of Fla., Dep't of Corrections, 143 F.3d 1405, 1407 (11th Cir. 1998).

The Eleventh Amendment states, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. amend. XI. "Although the text of the Eleventh Amendment does not appear to bar federal suits against a state by its own citizens, the Supreme Court long ago held that the Amendment bars these suits." Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll., Fla., 421 F.3d 1190, 1192 (11th Cir. 2005). Furthermore, it is "well-settled that Eleventh Amendment immunity bars suits brought in federal court when an arm of the State is sued." Id. (citation and internal quotation marks omitted).

A court considers the following factors when determining whether an entity is an arm of the state for Eleventh Amendment purposes: "(1) how the state defines the entity; (2) what degree of control the state maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgment against the entity." Id. After

11

review of the relevant factors and state law, the Court determines USF is an arm of the state for Eleventh Amendment purposes. See Fla. Stat. §§ 768.28(2), 1001.70-1001.73; see also, Crisman v. Fla. Atl. Univ. Bd. of Trs., 572 Fed. Appx. 946, 946 (11th Cir. 2014) (concluding board of trustees of Florida Atlantic University entitled to Eleventh Amendment immunity); Saavedra v. USF Bd. of Trs., No. 8:10-cv-1935-T-17TGW, 2011 WL 1742018, at *2-3 (M.D. Fla. May 6, 2011) (finding USF Board of Trustees entitled to Eleventh Amendment immunity).

"State agencies are immune from suit under the Eleventh Amendment unless their immunity is either waived by the state or abrogated by Congress." Saavedra, 2011 WL 1742018, at *2 (citing Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986)). "Florida has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases." Hart v. Florida, No. 8:13-cv-2533-T-30MAP, 2013 WL 5525644, at *1 (M.D. Fla. Oct. 4, 2013) (citing Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986)); see also Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990) (stating, "[t]his court has held that section 768.28 does not waive Florida's Eleventh Amendment immunity"); Jie Liu Tang v. Univ. of S. Fla., No. 8:05-cv-

12

572-T-17MAP, 2005 WL 2334697, at *2 (M.D. Fla. Sept. 23, 2005) (finding 42 U.S.C. § 1981 claim against USF barred under Eleventh Amendment).

Pinkston's arguments to the contrary are meritless. Accordingly, Counts III, IV, V(a), and V(b) are dismissed for lack of subject matter jurisdiction insofar as they are brought against USF.

### 2. Claims against Larsen, Merkler, and Battistini

#### a. 42 U.S.C. § 1981 Claims

Counts III and IV bring claims of discrimination and retaliation, respectively, pursuant to § 1981 against Larsen, Merkler, and Battistini, all of whom are alleged to have acted under color of state law. (Doc. # 159 at 5-6, 8, 12-13). Larsen, Merkler, and Battistini argue these claims should be dismissed because Pinkston's § 1981 claims are subsumed by her § 1983 claims. Pinkston provides no substantive response with respect to this argument.

"[I]n a case involving state actors, there is no liability under § 1981, and such claims merge into the § 1983 claims." McMillan v. Fulton Cty., Ga., 352 Fed. Appx. 329, 330 n.1 (11th Cir. 2009) (citing Butts v. Cty. of Volusia, 222 F.3d 891, 893-94 (11th Cir. 2000)). Furthermore, while it is unclear whether Pinkston is bringing individual or

official capacity claims against Larsen, Merkler, and Battistini, the distinction is one without a difference with respect to the § 1981 claims. See Bailey v. Town of Lady Lake, Fla., No. 5:05-cv-464-Oc-10GRJ, 2006 WL 2048250, at *3 (M.D. Fla. July 20, 2016) (stating, "[b]ecause § 1981 provides no different remedies against a state actor than § 1983, and since they merge into one another, Bailey's claims against the individual Defendants-in both their individual and official capacities-under § 1981 no longer exist and are due to be dismissed with prejudice"). Therefore, Counts III and IV are dismissed with prejudice to the extent they seek to assert claims under § 1981 against Larsen, Merkler, and Battistini. See Id.; Carr v. Ala. Dep't of Youth Servs., No. 2:07cv532-MHT, 2009 WL 903280, at *1, 12 (M.D. Ala. Mar. 31, 2009) (adopting report and recommendation and dismissing stand-alone § 1981 claim because it merged into § 1983 claim).

### b.  42 U.S.C. § 1983 Claims

Although the lack of specificity regarding capacity is inconsequential on the analysis as to whether Pinkston's § 1981 claims should be dismissed, the same cannot be said for Pinkston's § 1983 claims. "The distinction between an individual capacity suit . . . and an official capacity suit is a significant one." Smith v. Allen, 502 F.3d 1255, 1271

(11th Cir. 2007), abrogated on other grounds by Sossamon v. Texas, 563 U.S. 277, 287 (2011). A defendant sued in its individual capacity "may . . . be able to assert . . . qualified immunity," whereas a defendant sued in its official capacity may only claim "forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." Id. at 1271-72 (citations omitted).

A complaint that does not specify whether a defendant is sued in their individual or official capacities, or both, is a deficient shotgun pleading. Thorn v. Randall, No. 8:14-cv-862-T-36MAP, 2014 WL 5094134, at *2 (M.D. Fla. Oct. 24, 2014). And, "[w]hen faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). Accordingly, Counts V(a) and V(b) are dismissed without prejudice and with leave to amend. If Pinkston elects to file a third amended complaint, she must set forth the capacity or the capacities in which Larsen, Merkler, and Battistini are sued.

The Court also notes that at the hearing held on March 23, 2016, the Court expressly prohibited Pinkston from pleading new or different causes of action when it granted

15

Pinkston leave to file a second amended complaint. In spite of the Court's express instruction, Pinkston included reference to two constitutional rights not previously included in her Amended Complaint. Indeed, a comparison of the Amended Complaint with the Second Amended Complaint demonstrates that the Amended Complaint premised the § 1983 claims on the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Title IX, and § 1981 (Doc. # 18 at ¶¶ 88-90), whereas the Second Amended Complaint attempts to allege violations of the Fourth and Fifth Amendments to the United States Constitution (Doc. # 159 at 5).

A district court may limit the scope of allegations when granting leave to amend. See Lewers v. Pinellas Cty. Jail, No. 8:09-CV-572-T-30TBM, 2009 WL 1684441, at *2 (M.D. Fla. June 16, 2009) (ordering plaintiff to limit allegations in amended complaint); see also BEG Inves. LLC v. Alberti, 85 F. Supp. 3d 13, 25 n.6 (D.D.C 2015) (noting "courts have long held such authority[—to impose conditions, restrictions, or limitations when granting leave to amend—]exists" (citing 6 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1486 (3d ed. 2010))). Therefore, if Pinkston elects to file a third amended complaint, she must limit the basis of any §

1983 action to those raised in her Amended Complaint; namely, the Equal Protection Clause of the Fourteenth Amendment and § 1981.[2]

Pinkston should not attempt to bring a § 1983 claim premised on an alleged violation of Title IX against USF because the Court has found that USF enjoys Eleventh Amendment immunity. Pinkston should also not attempt to bring a § 1983 claim premised on an alleged violation of Title IX against Larsen, Merkler, or Battistini because "Title IX does not allow claims against individual school officials; only funding recipients can be held liable for Title IX violations." Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1300 (11th Cir. 2007) (concluding "that to allow plaintiffs to use § 1983 . . . [to assert a Title IX claim against individual school official] would permit an end run around Title IX's explicit language limiting liability to

---

[2] Defendants argue Pinkston abandoned any § 1983 claim premised on the Fourteenth Amendment by not repleading any such claim in the Second Amended Complaint after the Court dismissed the Amended Complaint with leave to amend. The Court declines to find abandonment at this stage. See Coachmen Indus., Inc. v. Royal Surplus Lines Ins. Co., No. 3:06-cv-959-J-HTS, 2007 WL 1837842, at *10-11 (M.D. Fla. June 26, 2007) (discussing the issue of abandonment in the context of a plaintiff failing to replead claim, which was dismissed with leave to amend). Should Pinkston again fail to replead a § 1983 claim premised on the Fourteenth Amendment, however, Defendants may reassert their abandonment argument.

funding recipients"). Thus, amendment would be futile and the Court may prohibit Pinkston from attempting to do so. <u>See</u> <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (noting that "district court may properly deny leave to amend the complaint . . . when such amendment would be futile").

## IV. Conclusion

In sum, USF's and Larsen, Merkler, and Battistini's respective Motions are granted in part. Pinkston may file a third amended complaint by June 22, 2016. In granting leave to amend, the Court reminds Pinkston she must conform her amendments to, and address the deficiencies discussed in, this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Randy Larsen, David Merkler, and Matthew Battistini's Motion to Dismiss (Doc. # 166) is granted in part. Counts III and IV are dismissed with prejudice. Counts V(a) and V(b) are dismissed without prejudice and with leave to amend.

(2) Defendant University of South Florida Board of Trustees' Motion to Dismiss (Doc. # 167) is granted in part. Counts I and II of the Second Amended Complaint are dismissed

with prejudice to the extent they seek to bring Title IX claims on the basis of racial discrimination. Otherwise, to the extent the Counts are premised on alleged sex discrimination, Count I is dismissed without prejudice and with leave to amend, but USF's Motion is denied as to Count II. Counts III, IV, V(a), and V(b) are dismissed for lack of subject matter jurisdiction as USF is entitled to Eleventh Amendment immunity.

(3) Plaintiff Rachel Pinkston has until June 22, 2016, to file a third amended complaint. Pinkston must conform her third amended complaint to, and address the deficiencies addressed in, this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of June, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE