```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

RACHEL PINKSTON,

    Plaintiff,

v.                            Case No. 8:15-cv-1724-T-33TBM

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court on Plaintiff Rachel Pinkston's "Motion for Reconsideration and De Novo Review by the Presiding Federal District Court Judge of Order (Doc. No. [173]) entered by the Presiding Federal District Magistrate Judge" (Doc. # 182), filed on May 31, 2016. The Court construes the Motion as an objection filed pursuant to Federal Rule of Civil Procedure 72(a). Defendants University of South Florida Board of Trustees, Randy Larsen, David Merkler, and Matthew Battistini filed a response in opposition on June 6, 2016. (Doc. # 189). The Court overrules the objection.

**I.**    **Background**

    Pinkston instituted the pending action on July 24, 2015. (Doc. # 1). Within approximately two months of discovery

1

formally beginning, the first motions to compel were filed against Pinkston on December 7, 2015: USF moved to compel Pinkston to answer its first set of interrogatories and respond to its first request for production, whereas Larsen, Merkler, and Battistini moved to compel complete Rule 26 disclosures. (Doc. ## 34-35). The Honorable Thomas B. McCoun III, United States Magistrate Judge, granted USF's motion and granted Larsen, Merkler, and Battistini's motion in part on January 5, 2016. (Doc. # 43).

Before Judge McCoun entered his Order on the aforesaid motions to compel, counsel for Pinkston filed a motion to withdraw, which was denied without prejudice. (Doc. ## 40, 42). Counsel for Pinkston renewed its motion to withdraw, which was granted. (Doc. ## 52-53). Judge McCoun's Order granting the motion to withdraw directed Pinkston's former counsel to provide Pinkston a copy of the Order and explicitly noted that Pinkston "shall be responsible for the continued prosecution of her case" in the absence of a notice of appearance by new counsel. (Doc. # 53 at 1 n.1, 2).

Since Pinkston assumed responsibility for prosecuting her case pro se, a passel of discovery-related motions and filings have been filed and Orders thereon entered. To be sure, over the last approximately four months, 128 entries

have been entered on the docket sheet. The Court focuses on a mere handful of those entries for purposes of this Order, which brings the Court full-circle to when Judge McCoun granted USF's and Larsen, Merkler, and Battistini's respective motions to compel on January 5, 2016. (Doc. # 43).

Judge McCoun granted USF's and Larsen, Merkler, and Battistini's respective motions to compel when Pinkston was still represented by counsel. The January 5, 2016, Order directed Pinkston to comply within 21 days. (Id.). Three weeks later, on January 27, 2016, USF, as well as Larsen, Merkler, and Battistini, moved for sanctions against Pinkston, arguing she failed to comply with Judge McCoun's January 5, 2016, Order. (Doc. ## 60-61). Shortly thereafter, USF, Larsen, Merkler, and Battistini moved to compel Pinkston to undergo a psychological examination pursuant to Federal Rules of Civil Procedure 35 and 37(a), as well as Local Rule 3.01(a). (Doc. # 65).

A telephonic hearing was held on February 8, 2016, during which Judge McCoun took up several pending motions, including USF's and Larsen, Merkler, and Battistini's respective motions for sanctions. (Doc. # 74). At the February 8, 2016, hearing, Pinkston represented she had not received her files from her former counsel; however, Judge McCoun noted that

3

Pinkston equivocated on this point. (Doc. # 77 at 1). Judge McCoun entered an Order directing Pinkston's former counsel to provide directly to Pinkston the papers, documents, and electronic files in his possession necessary for her to respond to discovery requests. (Id.).

By separate Order, on February 9, 2016, Judge McCoun again ordered Pinkston to respond to the first set of interrogatories, to respond to the first request for production, and to provide a calculation of economic damages. (Doc. # 78 at 6-7). Pinkston was explicitly warned that the duty to prosecute this case was hers and that, should she fail to comply, "counsel for Defendant may file a notice . . . with the Court." (Id. at 7). The Order continued by stating, "[f]ailure by Plaintiff to provide the discovery responses and information outlined [in the Order] within the time allotted . . . will likely result in the imposition of monetary sanctions . . . ." (Id.) (emphasis omitted). Pinkston did not object to that Order.

On February 25, 2016, USF, Larsen, Merkler, and Battistii filed a notice advising the Court of Pinkston's noncompliance. (Doc. # 88). A hearing was held on March 3, 2016, to address the previously filed motion to compel Pinkston to undergo a psychological evaluation, during which

4

Judge McCoun also addressed Pinkston's noncompliance regarding discovery. (Doc. ## 95, 97). By an Order dated March 3, 2016, Judge McCoun ordered Pinkston "to appear for a psychological examination by Dr. Christopher T. Kalkines on March 10, 2016, at 11 A.M. at 1900 NW Corporate Blvd., Suite 200-East, Boca Raton, Florida 33431 (telephone 561-835-0220)." (Doc. # 97 at 4). Judge McCoun also found Pinkston's noncompliance regarding outstanding discovery requests sufficiently egregious to merit dismissal; indeed, Judge McCoun found her "conduct related to discovery . . . willful and highly obstructive . . . ." (Id. at 7). But, proceeding in an abundance of caution, Judge McCoun provided Pinkston with yet again another opportunity to comply with the Court's Order. (Id.). Furthermore, Pinkston was warned that continued noncompliance or unjustified refusal to respond or participate in discovery would result in a recommendation of dismissal of the action. (Id.).

The pattern continued and on March 10, 2016, USF, Larsen, Merkler, and Battistini filed a notice of noncompliance indicating Pinkston failed to appear for the Court-ordered psychological examination. (Doc. # 101). Pinkston then, after missing the Court-order examination, filed a motion seeking relief from the March 3, 2016, Order. (Doc. # 104). USF,

5

Larsen, Merkler, and Battistini filed another notice of noncompliance on March 15, 2016, indicating Pinkston failed to comply with the Court's instructions regarding discovery requests. (Doc. # 111). Judge McCoun subsequently entered a Show Cause Order and directed Pinkston to appear in person for a hearing. (Doc. # 112).

At the March 23, 2016, hearing held before Judge McCoun, Pinkston represented to the Court that she missed her Court-ordered psychological examination because of a medical emergency experienced by her father. (Doc. # 131). Judge McCoun ordered Pinkston to submit supporting documentation as to her claim of a medical emergency. (Id.). In addition, Pinkston's motion for relief from the March 3, 2016, Order was denied as moot. (Doc. # 132). Pinkston's first submission in response to the Court's request for supporting documentation was found unsatisfactory, and she was ordered to file the medical records in camera no later than April 7, 2016. (Doc. ## 145, 147). Pinkston moved for reconsideration, and the Court denied her motion. (Doc. ## 150, 153). The Court again ordered Pinkston to produce documents supporting her claim of a medical emergency for in camera review, which she did. (Doc. ## 155, 156-58).

Then on April 26, 2016, USF, Larsen, Merkler, and Battistini filed an additional notice of noncompliance indicating Pinkston still had not complied with Judge McCoun's February 9, 2016, Order. (Doc. # 163). A telephonic hearing was thereafter scheduled and held on May 12, 2016. (Doc. ## 164, 172). On May 16, 2016, Judge McCoun entered an Order establishing various deadlines for Pinkston to comply with the Court's previous Order regarding discovery and imposing sanctions. (Doc. # 173).

Specifically as to sanctions, Judge McCoun found monetary sanctions appropriate and awarded USF, Larsen, Merkler, and Battistini reasonable fees and costs incurred in bringing the two motions to compel filed on December 7, 2015, as well as $3,090.20 in costs associated with Pinkston's failure to attend the Court-ordered psychological evaluation on March 10, 2016. (Id. at 10). Counsel for USF and counsel for Larsen, Merkler, and Battistini filed affidavits relating to fees incurred in bringing the December 7, 2015, motions to compel at the direction of Judge McCoun. (Doc. ## 173, 181). In total, counsel for USF, Larsen, Merkler, and Battistini seek $3,695 in fees and costs incurred in bringing those motions to compel. (Doc. # 181 at 1). Pinkston has now filed the instant objection, which is ripe for review.

## II. Standard

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter before the court," subject to exceptions not relevant to this case. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 further addresses pretrial matters referred to magistrate judges. Because Judge McCoun's May 16, 2016, Order related to discovery and did not dispose of any claim or defense, see Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1346 (M.D. Fla. 2013) (noting order that did not dispose of any claim or defense was nondispositive order (citing Smith v. Sch. Bd. of Orange Cty., 487 F.3d 1361, 1365 (11th Cir. 2007))), Rule 72(a) governs.

Rule 72(a) provides:

[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Thus, as evidenced by the plain language of the Rule, "[a] district court reviewing a

8

magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" Williams v. Wright, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) (citation omitted).

"Clear error is a highly deferential standard of review. . . . [A] 'finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1351-52 (11th Cir. 2005) (citation omitted). And, an order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Malibu Media, 923 F. Supp. 2d at 1347 (citation and internal quotation marks omitted). Despite Pinkston's request for de novo review, the clearly erroneous standard applies. See Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc., 153 F.R.D. 686, 687 (M.D. Fla. 1994).

### III. Analysis

Pinkston asserts she only assumed responsibility for prosecuting her case in mid-January of 2016. However, as of February 9, 2016, Pinkston was explicitly warned that the duty to prosecute this case was hers. (Doc. # 78 at 6)

9

(stating, "it is Plaintiff's obligation to prosecute this case, and this is the last time Plaintiff may use her former counsel as an excuse for her noncompliance").

Pinkston also argues Judge McCoun misread the medical records submitted in support of her representation that a medical emergency prevented her from attending the Court-ordered psychological examination. A review of the documents submitted demonstrates rather conspicuously that Pinkston's father was admitted at 3:21 p.m. on March 10, 2016, which is the time Judge McCoun's May 16, 2016, Order states as the time of admission. (Doc. # 173 at 10) (citing (Doc. # 156-1 at 41)). While Pinkston argues her father was brought the emergency room at 8:00 a.m. that day but was not admitted to the hospital proper until 3:21 p.m., she has submitted no documentation in support of such a claim despite being given multiple opportunities to submit documentation relating to the medical emergency.[1]

---

[1] The Court notes that one page of the documents Pinkston submitted contains a handwritten comment indicating the time of admission printed on that page is incorrect. (Doc. # 156-1 at 41). However, there is no indication this handwritten note was added by a hospital employee rather than Pinkston herself. And, even assuming the time of arrival at the hospital was 8:00 a.m., Pinkston still has not explained why she could not have even attempted to contact opposing counsel.

10

Furthermore, Pinkston's argument that the duty rested with opposing counsel to ensure she complied with the Court's Order to appear for a psychological examination is meritless. It was Pinkston who was under a Court Order to appear. And, as such, the duty was Pinkston's, and hers alone, to either comply with or seek relief from that Order. Although Pinkston belatedly sought relief from the March 3, 2016, Order, there is no indication she attempted to notify opposing counsel or the examining doctor of the medical emergency so as to avoid the incurrence of costs for the Court-ordered examination.

Thus, upon review of the record, the Court cannot say Judge McCoun's May 16, 2016, Order is clearly erroneous or contrary to the law. Rather, it is apparent to the Court that Judge McCoun repeatedly provided Pinkston with an opportunity to comply, as well as warned her that continued noncompliance would likely result in the imposition of sanctions. Therefore, Pinkston's objection to Judge McCoun's May 16, 2016, Order is overruled.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Rachel Pinkston's "Motion for Reconsideration and De Novo Review by the Presiding Federal District Court Judge of Order (Doc. No. [173]) entered by the Presiding

Federal District Magistrate Judge" (Doc. # 182), filed on May 31, 2016, which the Court construes as an objection filed pursuant to Federal Rule of Civil Procedure 72(a), is **OVERRULED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of June, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE