```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

RACHEL PINKSTON,

    Plaintiff,

v.                               Case No. 8:15-cv-1724-T-33TBM

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Thomas B. McCoun III's Report and Recommendation on Plaintiff Rachel Pinkston's construed motion for preliminary injunction (Doc. # 174), entered on May 18, 2016. Pinkston filed an objection on June 1, 2016. (Doc. # 184). Defendants University of South Florida Board of Trustees, Randy Larsen, David Merkler, and Matthew Battistini filed a response on June 9, 2016. (Doc. # 197). For the reasons stated herein, the Court accepts and adopts the Report and Recommendation.

**I.    Background**

Pinkston instituted this action on July 24, 2015. (Doc. # 1). Thereafter, Pinkston filed a First Amended Complaint (Doc. # 18), which was dismissed with leave to amend (Doc. ##

1

133, 134). Pinkston subsequently filed a Second Amended Complaint.[1] (Doc. # 159). In her Second Amended Complaint, Pinkston alleges she transferred from Florida Memorial University to USF in the summer session of 2011. (Id. at 2). While enrolled at USF, Pinkston sought to obtain a bachelor's degree in chemistry. (Id.).

Pinkston registered for a basic biochemistry lab course at USF for which Merkler was the professor and Battistini, a graduate student, the teaching assistant. (Id. at 3). Both Merkler and Battistini are Caucasian males. (Id.). In addition, Larsen, the department chair of the chemistry department, is a Caucasian male, whereas Pinkston is an African-American female. (Id. at 2-3). Pinkston received a B-, a passing grade for the biochemistry lab course, despite being subjected to the putative discriminatory actions of Larsen, Merkler, and Battistini. (Id. at 3, 5-8).

Furthermore, Pinkston alleges she met all graduation requirements and, as such, purchased a graduation robe and attended the graduation ceremony on May 1, 2015. (Id. at 3-

---

[1] At the time Judge McCoun entered the instant Report and Recommendation, two motions to dismiss the Second Amended Complaint were pending; however, those motions have since been ruled on and the Second Amended Complaint dismissed. (Doc. ## 166, 167, 198).

2

4). Then, on May 15, 2015, Pinkston was informed that she would not being receiving a degree. (Id. at 5). Pinkston alleges Larsen, Merkler, and Battistini changed her grade for the biochemistry lab course from a B- to a C-, a failing grade, to "undermine and take away" her degree "as a last act of retaliation out of desperation." (Id.).

Simultaneous to the filing of her Second Amended Complaint, Pinkston filed a motion for temporary injunction. (Doc. # 160). The motion for temporary injunction seeks the entry of an Order "enjoining Defendants from further irreparable harm from wrongfully withholding Plaintiff's well-earned, paid for, unconditional, certified and conferred degree in Chemistry with an emphasis in Biochemistry," and "direct[ing] Defendants to take corrective actions as needed to reissue, deliver, or otherwise reinstate Plaintiff's Bachelor's degree, earned BCH 3023L course grade of a B-, and weighted and unweighted grade point average calculation." (Id. at 14, ¶¶ 1-2).

The Court denied Pinkston's motion for temporary injunction to the extent it sought the entry of a temporary restraining order and, to the extent it could be construed as a motion for preliminary injunction, the motion was referred to Judge McCoun. (Doc. # 161). Judge McCoun entered a Report

3

and Recommendation on May 18, 2016, recommending Pinkston's construed motion for preliminary injunction be denied. (Doc. # 174). Pinkston filed an objection, which is now ripe for consideration. (Doc. # 184).

## II. Discussion

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

To begin, Pinkston's factual objections are too generic to sustain her burden. As the court stated in United States v. Schultz, "[a]fter a magistrate judge has issued a report

4

and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and <u>pinpoint the specific findings</u> that the party disagrees with." 565 F.3d 1353, 1360 (11th Cir. 2009) (emphasis added). Rather than pointing to a specific finding, Pinkston generally objects to Judge McCoun's "recitation of events which occurred prior to the establishment of the status quo." (Doc. # 184 at ¶ 1).

In a similar vein, Pinkston objects on the basis that Judge McCoun "base[d] his analysis on, in part, documents wrongfully submitted as attachments to declarations provided by Defendants," which Pinkston argues are inadmissible evidence. (<u>Id.</u> at ¶ 3). Putting aside the generality of the objection, Pinkston's argument ignores the fact that a court "may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction" at the preliminary injunction stage. <u>Levi Strauss & Co. v. Sunrise Int'l Trading Inc.</u>, 51 F.3d 982, 985 (11th Cir. 1995).

As for Pinkston's objections to Judge McCoun's legal conclusions, those too are unpersuasive. Pinkston's objections are, in reality, merely an amalgamation of conclusory arguments and expressions of disagreement. For example, Pinkston objects to Judge McCoun's conclusion that

5

Pinkston failed to demonstrate an irreparable injury in the absence of a preliminary injunction by simply concluding that her rights under the Fourth, Fifth, and Fourteenth Amendments are being violated. (Doc. # 184 at ¶ 4). However, Pinkston provides no citation—to a fact in the record or case from any court—demonstrating that money damages are inadequate to compensate her for any delay in receiving her degree, if in fact she prevails in this suit.

Thus, after conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge and the recommendation of the magistrate judge. In so doing, the Court notes that "[i]n this Circuit, 'a preliminary injunction is an extraordinary and drastic remedy not be granted unless the movant clearly establishe[s] the "burden of persuasion"' as to each of the four prerequisites" and the "grant of [a] preliminary injunction 'is the exception rather than the rule' . . . ." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations and original alterations omitted).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

6

(1)  Plaintiff Rachel Pinkston's objections (Doc. # 184) are **OVERRULED.**

(2)  The Report and Recommendation (Doc. # 174) is **ACCEPTED** and **ADOPTED**.

(2)  Pinkston's construed motion for preliminary injunction (Doc. # 160) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of June, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE