**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RACHEL PINKSTON,**

    **Plaintiff,**

v.                                                                       **Case No. 8:15-cv-1724-T-33TBM**

**UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on referral for a Report and Recommendation on **Defendants' Motion for Involuntarily Dismissal of Plaintiff's Civil Action for Intentionally Providing False Statements to the Court, Under Penalty of Perjury** (Doc. 144) and Plaintiff's response (Doc. 169). For the reasons set forth below, the Court recommends that the motion be **denied.**

**I.**

Defendants move to dismiss this action with prejudice, alleging that Plaintiff made statements to this Court that are demonstrably false. More particularly, Defendants argue that Plaintiff knowingly and in bad faith made several false assertions regarding both defense counsel and Magistrate Judge McCoun in a motion to recuse Magistrate Judge McCoun, which Plaintiff signed under penalty of perjury. (Doc. 115). Defendants point to the following false statements, which pertain to a telephonic hearing conducted by the Court on February 8, 2016, made in Plaintiff's motion to recuse:

> Magistrate McCoun during the telephone hearing on February 8, 2016 immediately began an unwarranted, personal, verbal attack on Plaintiff... Magistrate McCoun during the February 8, 2016 telephone hearing warned Plaintiff she was "in trouble", she should not be "*Pro Se*" (although he terminated her attorney), and he "was already inclined to dismiss her case", without reason or justification. *Id*. at ¶ 1.
>
> Magistrate McCoun during the February 8, 2016 telephone hearing mocked Plaintiff with a racist and sexist comment. In a cartoonish voice and characterized impersonation, of a "rough inner city hoodrat/homegirl", Magistrate McCoun told Plaintiff "you talkin' out tha side of yo' neck and playin' games." *Id*. at ¶ 2.
>
> Magistrate McCoun allowed Defendants' counsel to make an unwarranted, sexist, and false personal attack against Plaintiff during the telephone hearing on February 8, 2016 by calling Plaintiff an "emotional wreck," without correction. *Id*. at ¶ 5.
>
> Magistrate McCoun allowed Defendants counsel to make an unwarranted, sexist, and false personal attack on Plaintiff by saying "she [Plaintiff] isn't even alleging rape so she can't sue for Title IX", without correction." *Id*. at ¶ 6.
>
> Magistrate Ordered Plaintiff be compelled to undergo a psychological evaluation because both Plaintiff and Defendants counsel misrepresented to the Court the motion was unopposed. When Plaintiff explained the misrepresentation to Magistrate McCoun, the Magistrate told Plaintiff he would not set the misrepresented Order aside because "he did not want to" and "it was too late." *Id*. at ¶ 11.

They claim that a review of the hearing transcript clearly establishes that Plaintiff's assertions were false. They move for dismissal, pursuant to the Court's inherent authority and Rule 41(b), claiming that Plaintiff made the false statements knowingly, deliberately, and in bad faith in an effort to interfere with the Court's ability to impartially adjudicate the action and to hamper Defendant's ability to defend themselves in this case. (Doc. 144).[1]

---

[1] In support, Defendants provide the transcript of the February 8, 2016, hearing before the undersigned. (Doc. 144-1).

Plaintiff, *pro se*, responds that Defendants are "attempting to create a diversion in an effort to silence, dismiss, and threaten Plaintiff in a desperate attempt to prevent a Court Order requiring them to deliver Plaintiff's well-earned, paid for, unconditional, certified and conferred degree in Chemistry with an emphasis in Biochemistry." (Doc. 169, ¶ 3). Plaintiff further states that "[d]efendants have unrealistic hopes their clients can escape justice over another trumped-up emotional or legally immaterial issue." *Id.* Among other things, Plaintiff requests that the Court strike and remove Defendants' motion from the record for the reasons stated and because the page length of the motion is in violation of Local Rule 3.01(a). *Id.* at 2. She also asks the Court to strike and remove her motion to recuse and motion for reconsideration (Docs. 115, 119) because "the Court and Plaintiff have moved on." *Id.*[2]

## II.

A court has authority to dismiss a case with prejudice under Federal Rule of Civil Procedure 41(b) or the court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under either authority, dismissal of an action with prejudice is a sanction of last resort, reserved for use only in extreme circumstances. *See id.* at 1337-38; *Zocaras v. Castro*, 479 F.3d 479, 483 (11th Cir. 2006).

---

[2]Despite being specifically ordered to respond to Defendants' motion for dismissal (*see* Doc. 162), Plaintiff fails to provide a substantive response to the allegations that she made false statements to Court. Rather, she argues that it is Defendants who are attempting to circumvent the rules of court and apparently believes that her previous attack on the Court's partiality should simply be stricken from the record.

Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This Rule "provides for dismissal with prejudice as the ultimate sanction for violation of the rules." *Zocaras*, 479 F.3d at 483. "A Rule 41(b) dismissal with prejudice is appropriate only when there is 'a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice.'" *Yeyille v. Miami Dade Cty. Pub. Sch.*, 2016 WL 692050, at *1 (11th Cir. Feb. 22, 2016) (quoting *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999).

In addition, the inherent power of courts provides courts the authority "to manage their own affairs, which necessarily includes the authority to impose reasonable and appropriate sanctions on the parties to litigation before it, is deeply rooted in the common law tradition." *Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995). The Supreme Court of the United States has "recognized the 'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980). This inherent power includes the ability to dismiss a case with prejudice for bad-faith conduct if doing so enforces order and provides for the efficient disposition of litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Inherent powers of the court should be exercised with restraint and discretion. *Id.* at 44-5. "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* Moreover, "the key to unlocking the court's inherent power is a finding of bad faith." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561

F.3d 1298, 1306 (11th Cir. 2009) (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).

It is well-established "that a trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud upon the court." *Hughes v. Matchless Metal Polish Co.,* 2007 WL 2774214, *3 (M.D. Fla. 2007) (quoting *Howard v. Risch,* 959 So. 2d 308, 310 (Fla. Dist. Ct. App. 2007)); *see also Martin v. Autombili Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1335-1336 (11th Cir. 2002)). Dismissal with prejudice for fraud is appropriate where "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Vargas*, 901 F. Supp. at 1579.

"Generally, 'only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.'" *Patterson v. Lew*, 265 Fed. App'x 767, 768-69 (11th Cir. 2008) (quoting *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir. 1978). The Eleventh Circuit has "consistently held that a fraud between parties is not fraud on the court" and has "even declared in that case that perjury does not constitute fraud on the court." *Id.* at 769.

### III.

Here, Defendants request the sanction of dismissal with prejudice based upon Plaintiff's false assertions regarding defense counsel and this magistrate judge made in her

5

motion for recusal. Defendants rightly point out that many of Plaintiff's statements made in that motion were false.[3] Moreover, she made these statements under penalty of perjury for the purpose of seeking removal of the undersigned from these proceedings.

While the Plaintiff's statements were indeed false and the Court does not condone such efforts by Plaintiff, the statements do not warrant the extreme sanction of dismissal. In short, dismissal in these circumstances is too harsh a remedy and the Court is not inclined to recommend dismissal based upon Plaintiff's *perception* of bias, even though such is demonstrably false. Her motion, while wasteful of the Court's time, did not interfere with the Court's ability to properly adjudicate this matter, nor did it directly hamper the ability of opposing counsel to mount a defense against her claims. In short, Plaintiff's false statements directly related to this Court's or counsel's alleged bias or animosity toward her, but did not relate to the underlying claims or issues asserted in this case, such that a finding of fraud upon the Court is indicated.

Moreover, Plaintiff's accusations of prejudice or racism do not necessarily lead to a finding of bad faith, but may evidence her perception of bias at that time.[4] As such, the

---

[3] In denying the motion to recuse, this Court stated, in pertinent part, "With regard to Plaintiff's various complaints of the undersigned's treatment of her during the hearing conducted on February 8, 2016, such allegations are wholly unfounded and would fail to convince any reasonable person that bias exists .... Plaintiff's perception of hostility, racism, or sexism towards her is not reflected by, nor reasonably implied by, anything stated at the hearing. Her allegations that the Court mocked her in a racially insensitive manner are patently and demonstrably false." (Doc. 118 at 4-5).

[4] In her response to the instant motion, Plaintiff appeared to change her perception of the undersigned, stating "Plaintiff had the pleasant opportunity to appear in Court before the Honorable Magistrate Judge Thomas B. McCoun III and found him to be very professional, deliberate, intelligent, considerate and of good cheer." (Doc. 169, ¶ 2).

Court does not make the requisite finding of bad faith to unlock the inherent powers to dismiss this action.

In sum, on this motion, the Court does not agree that Plaintiff has a willful or contumacious disregard for court rules, or that she has sentiently set in motion some unconscionable scheme calculated to interfere with the Court's ability to function.[5] Dismissal of a lawsuit with prejudice is a harsh sanction and, on the instant motion, would be a disproportionately severe sanction for Plaintiff's conduct.

**IV.**

Accordingly, I **RECOMMEND** that **Defendants' Motion for Involuntarily Dismissal of Plaintiff's Civil Action for Intentionally Providing False Statements to the Court, Under Penalty of Perjury** (Doc. 144) be **DENIED.**

Respectfully submitted on this
5th day of July 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

[5]That being said, I hasten to note that Plaintiff's disregard for this Court's Orders and discovery rules has been well-documented by the Court. (*See* Doc. 173). Her behavior with regard to discovery in particular may well merit dismissal with prejudice, but the Court is not prepared to recommend dismissal based on the allegations specifically made in her motion for recusal and raised by Defendants in the instant motion for dismissal.

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
Virginia M. Hernandez Covington, United States District Judge
*Pro se* Plaintiff
Counsel of record