UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL PINKSTON,

      Plaintiff,

v.                    Case No. 8:15-cv-1724-T-33TBM

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court on review of pro se Plaintiff Rachel Pinkston's "Motion for Reconsideration to the Federal District Judge of Order (Doc. # [210]) Entered by the Federal District Magistrate Judge," filed on July 17, 2016. (Doc. # 215). The Court construes the Motion as an objection filed pursuant to Federal Rule of Civil Procedure 72(a). Defendants University of South Florida Board of Trustees, Randy Larsen, David Merkler, and Matthew Battistini filed a response in opposition on July 19, 2016. (Doc. # 219).

In addition, the Court has pending before it Pinkston's "Notice of Plaintiff's Voluntary Dismissal of Count II of the Second Amended Complaint" (Doc. # 216), filed on July 18, 2016, which the Court construes as a motion to voluntarily

dismiss under Rule 41(a)(2). At the Court's direction (Doc. # 217), USF, along with the Defendants who have had the claims against them previously dismissed, filed a response on July 18, 2016. (Doc. # 218).

Furthermore, Defendants have pending a "Motion for Involuntary Dismissal of Plaintiff's Civil Action for Intentionally Providing False Statements to the Court, Under Penalty of Perjury" (Doc. # 144), which was referred to Judge McCoun for a Report and Recommendation (Doc. # 146). Pinkston filed a response in opposition. (Doc. # 169). And, Judge McCoun has entered a Report and Recommendation. (Doc. # 209). Defendants also have pending a "Dispositive Motion for Involuntary Dismissal of Plaintiff's Civil Action for Noncompliance with this Court's Order Dated May 16, 2016." (Doc. # 206). That motion was also referred to Judge McCoun for a Report and Recommendation. Pinkston has not filed a response as of this Order. Nor has a Report and Recommendation been entered on the motion.

For the reasons that follow, the Court (1) overrules Pinkston's objection to Judge McCoun's July 5, 2016, Order awarding attorneys' fees; (2) grants Pinkston's construed Rule 41(a)(2) motion and dismisses Count II without prejudice

subject to the condition set forth more fully below; and (3) denies Defendants' two pending motions to dismiss as moot.

## I.  __Background__

In the interests of judicial economy, and given that the Court has thoroughly traced the facts of this case before (Doc. ## 198, 200, 202), the Court provides only a brief overview of the action. Pinkston instituted this action almost a year ago on July 24, 2015, by filing her Complaint against USF, Larsen, Merkler, and Battistini (Doc. # 1), which was subsequently amended. (Doc. # 18). Upon the motions of Larsen, Merkler, and Battistini, and USF, the Amended Complaint was dismissed. (Doc. ## 24, 26, 133-34). With leave of Court, Pinkston filed a Second Amended Complaint, which brought the following counts:

> Count I—Discrimination under Title IX against USF;
> Count II—Retaliation under Title IX against USF;
> Count III—Discrimination under 42 U.S.C. § 1981 against all Defendants;
> Count IV—Retaliation under 42 U.S.C. § 1981 against all Defendants;
> Count V(a)—Discrimination under 42 U.S.C. § 1983 against all Defendants; and
> Count V(b)—Retaliation under 42 U.S.C. § 1983 against all Defendants.

(Doc. # 159 at 8, 10, 12, 13, 15, 16).

Larsen, Merkler, and Battistini, as well as USF, moved to dismiss the Second Amended Complaint. (Doc. ## 166-67).

After considering the Defendants' motions and Pinkston's response, the Court, by an Order dated June 9, 2016, dismissed all Counts of the Second Amended Complaint save for Count II. (Doc. # 198); see also (Doc. # 207 at 2-3) (explaining the Court's June 9, 2016, ruling). The Court afforded Pinkston an opportunity to file a third amended complaint in order to provide her another chance to state a claim with respect to the Counts that were dismissed without prejudice. (Doc. # 198). Pinkston, however, affirmatively elected not to replead those Counts. (Doc. # 204 at ¶ 9).

Before the Court entered its Order dismissing most of the Second Amended Complaint, the assigned Magistrate Judge, the Honorable Thomas B. McCoun III, imposed monetary sanctions against Pinkston, which the undersigned upheld against an objection filed by Pinkston. (Doc. ## 173, 200). Pursuant to Judge McCoun's May 16, 2016, Order imposing sanctions (Doc. # 173), the Defendants filed affidavits relating to their attorneys' fees incurred in bringing their two motions to compel (Doc. # 181). Thereafter, Judge McCoun entered an Order awarding $3,695 in attorneys' fees. (Doc. # 210). Pinkston currently has pending before the undersigned a motion for reconsideration of Judge McCoun's Order awarding fees (Doc. # 215), which the Court construes as an objection

4

pursuant to Rule 72(a). Defendants have filed a response in opposition. (Doc. # 219).

After filing her motion for reconsideration of Judge McCoun's Order awarding fees, Pinkston filed the instant Notice by which she seeks a Court Order dismissing Count II of the Second Amended Complaint without prejudice. (Doc. # 216). The Court construed the Notice as a motion for voluntary dismissal without prejudice under Rule 41(a)(2), Fed. R. Civ. P., and directed USF to file a response. (Doc. # 217). USF, along with the Defendants who have had the claims against them dismissed, filed a response on July 18, 2016. (Doc. # 218).

## II.  **Standard**

### A.   **Rule 72(a)**

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter before the court," subject to exceptions not relevant to this case. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 further addresses pretrial matters referred to magistrate judges. Because Judge McCoun's July 5, 2016, Order did not dispose of any claim or defense, see Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1346 (M.D. Fla. 2013) (citing Smith v. Sch.

<u>Bd. of Orange Cty.</u>, 487 F.3d 1361, 1365 (11th Cir. 2007)), Rule 72(a) governs.

"A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" <u>Williams v. Wright</u>, No. CV 309-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) (citation omitted). "Clear error is a highly deferential standard of review. . . . [A] 'finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" <u>Holton v. City of Thomasville Sch. Dist.</u>, 425 F.3d 1325, 1351-52 (11th Cir. 2005) (citation omitted). And, an order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." <u>Malibu Media</u>, 923 F. Supp. 2d at 1347 (citation and internal quotation marks omitted). Despite Pinkston's request for de novo review, the clearly erroneous standard applies. <u>See</u> <u>Kaiser Aluminum & Chem. Corp. v. Phosphate Eng'g & Constr. Co., Inc.</u>, 153 F.R.D. 686, 687 (M.D. Fla. 1994).

   **B.    <u>Rule 41(a)(2)</u>**

6

"Except as provided in Rule 41(a)(1), an action may be
dismissed at the plaintiff's request only by court order, on
terms that the court considers proper." Fed. R. Civ. P.
41(a)(2). "The purpose of Rule 41(a)(2) 'is primarily to
prevent voluntary dismissals which unfairly affect the other
side, and to permit the imposition of curative conditions.'"
Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015)
(quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856
(11th Cir. 1986)).

"A district court enjoys broad discretion in determining
whether to allow a voluntary dismissal under Rule 41(a)(2) .
. . ." Id. "Generally speaking, a motion for voluntary
dismissal should be granted unless the defendant will suffer
clear legal prejudice other than the mere prospect of a second
lawsuit." Id. In determining whether a defendant will suffer
clear legal prejudice, "'the Court should consider such
factors as the defendant's effort and expense of preparation
for trial, excessive delay and lack of diligence . . . in
prosecuting the action, insufficient explanation for . . . a
dismissal, and whether a motion for summary judgment has been
filed by the defendant.'" Peterson v. Comenity Capital Bank,
No. 6:14-cv-614-Orl-41TBS, 2016 WL 3675457, at *1 (M.D. Fla.
May 3, 2016) (quoting Pezold Air Charters v. Phx. Corp., 192

7

F.R.D. 721, 728 (M.D. Fla. 2000)). Ultimately, "[t]he court's

task is to 'weigh the relevant equities and do justice between

the parties.'" Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th

Cir. 2014) (quoting McCants v. Ford Motor Co., Inc., 781 F.2d

855, 857 (11th Cir. 1986)).

Furthermore,

> [i]t is no bar to a voluntary dismissal that the
> plaintiff may obtain some tactical advantage over
> the defendant in future litigation. Dismissal may
> be inappropriate, however, if it would cause the
> defendant to lose a substantial right. Another
> relevant consideration is whether the plaintiff's
> counsel has acted in bad faith.

Id. (internal citations and quotation marks omitted). The

default under Rule 41(a)(2) is that a dismissal thereunder is

without prejudice. Arias, 776 F.3d at 1268.

## III. **Analysis**

### A.   **Objection Overruled**

Judge McCoun's July 5, 2016, Order awarding attorneys'

fees (Doc. # 210) is not some singularity unrelated to any

other Order in this case. Rather, Judge McCoun's July 5, 2016,

Order was the culmination of his May 16, 2016, Order (Doc. #

173) imposing sanctions against Pinkston.

The May 16, 2016, Order found the imposition of

sanctions—in the form of attorneys' fees incurred in

bringing two motions to compel and $3,090.20 in costs

associated with Pinkston's failure to attend a Court-ordered psychological evaluation—appropriate. (Id. at 10). That Order also directed defense counsel to file an affidavit of fees within 14 days. (Id.). Pinkston filed a motion for reconsideration (Doc. # 182), which the Court construed as an objection under Rule 72(a), and the Court overruled her objection (Doc. # 200).

Thereafter, as directed by Judge McCoun's May 16, 2016, Order, Defendants filed their affidavits of fees, the reasonableness of which were supported by the affidavit of Cathleen Bell Bremmer, Esq. (Doc. ## 181-1, 181-2, 181-3). As noted by Judge McCoun's July 5, 2016, Order (Doc. # 210 at 1), Pinkston did not timely contest the reasonableness of the fees sought by Defendants. After reviewing the affidavits, Judge McCoun found an award of attorneys' fees in the amount of $3,695 reasonable. (Id. at 2).

Pinkston's current motion for reconsideration, which the Court construes as an objection under Rule 72(a), predominately rehashes arguments the Court already considered when it overruled her objection to Judge McCoun's May 16, 2016, Order. Furthermore, Pinkston's argument related to the reasonableness of the amount awarded as attorneys' fees is unsupported by, for example, an affidavit of an attorney who

practices in this District. And, as for Pinkston's argument that Judge McCoun's Order should be set aside because Defendants' counsel did not "prove up" their fees, such an argument is deeply undercut by the affidavits submitted in support of defense counsel's fees. Finally, Pinkston's argument that Judge McCoun's July 5, 2016, Order is contrary to the American Rule is meritless in light of Rule 37(b)(2)(C), which states: "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ."

In short, the Court is unpersuaded it should reconsider its prior Order overruling Pinkston's objection to Judge McCoun's May 16, 2016, Order, nor is the Court persuaded that Judge McCoun's July 5, 2016, Order is clearly erroneous or a manifest error of law. Therefore, Pinkston's motion for reconsideration, which the Court construes as an objection under Rule 72(a), is overruled.

**B.   <u>Count II Dismissed</u>**

By her construed motion for voluntary dismissal, Pinkston requests the Court to dismiss Count II of the Second Amended Complaint without prejudice. (Doc. # 216 at 1). As indicated in its response, USF does not oppose Pinkston's construed motion. (Doc. # 218 at 3, ¶ I). However, USF

10

requests the Court either (1) "dismiss Plaintiff's civil action with prejudice" or (2), should the Court dismiss the action without prejudice, condition the dismissal on (a) requiring Pinkston to pay all fees and costs incurred by Defendants that have been, or may reasonably be, awarded to Defendants and (b) barring Pinkston from refiling the claims brought in this action until she pays all fees and costs incurred by Defendants that have been, or may reasonably be, awarded to Defendants. (<u>Id.</u> at 3-4, ¶¶ I-J).

As a preliminary matter, the Court finds it necessary to emphasize that the only Count remaining in this action is Count II of the Second Amended Complaint. The Court's June 9, 2016, Order dismissed all Counts in the Second Amended Complaint save for Count II. (Doc. # 198). That Order also provided Pinkston the opportunity to replead certain claims; however, Pinkston affirmatively elected not to replead those Counts. (Doc. # 204 at ¶ 9). Therefore, this action is a one-count action wherein the only claim to be adjudicated is Count II of the Second Amended Complaint.

And, before weighing the relevant factors, the Court finds it worthwhile to briefly summarize the varied conditions imposed by other courts. As thoroughly canvassed by the court in <u>Brooks v. State Board of Elections</u>, those

conditions include: (1) the imposition of few or no conditions; (2) denial of a motion to voluntarily dismiss when the motion was made in the face of a defendant's summary judgment motion; (3) dismissal with prejudice where the defendant "is on the verge of triumph"; and (4) dismissal with prejudice where "the plaintiff has not been diligent and a defense victory is imminent." 173 F.R.D. 547, 549-50 (S.D. Ga. 1997). The Court notes that "a dismissal with prejudice 'is an extreme sanction that may be properly imposed *only* when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."'" <u>Dinardo v. Palm Beach Cty. Cir. Ct. Judge</u>, 199 Fed. Appx. 731, 735 (11th Cir. 2006) (citation omitted).

In this case, the record reflects USF assiduously defended the action and incurred a substantial expense in so doing. <u>See, e.g.</u>, (Doc. ## 12-13, 24, 26, 34-35, 39, 49, 60-61, 65, 101, 111, 120, 140, 163, 166-67, 193, 206, 210). The record also demonstrates that Pinkston frustrated the discovery process, in spite of several warnings from the Court. (Doc. ## 78, 97, 173). In addition, Pinkston does not provide an explanation for why she now seeks a dismissal of the sole remaining Count. (Doc. # 216). Although many factors

12

tilt in the direction of prejudice to USF, there is, as of this Order, no pending motion for summary judgment.

Nevertheless, the Court finds that Count II should be dismissed without prejudice. However, the dismissal of Count II without prejudice carries with it the following condition: namely, should Pinkston file a future action based on or including Count II of the Second Amended Complaint in any court, or seek redress thereof in any administrative agency, she shall be obligated to pay all attorneys' and costs incurred by USF in defense of Count II of the Second Amended Complaint. The Court appreciates that Defendants request the Court condition a dismissal without prejudice on an award of all fees and costs the Court has awarded, or may award, in this case and on the requirement that Pinkston not file a subsequent action based on any claim raised during the course of this action against any of the Defendants unless she prepays any and all fees and costs awarded, or that may be awarded, by this Court. But, as the action currently stands, it encompasses only one claim against USF for an alleged violation of Title IX. Accordingly, the Court believes equity dictates the condition be limited as described above.

Although USF undoubtedly incurred a "'practical prejudice' of expenses incurred in defending the action,"

*Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1260 (11th Cir. 2001), such practical prejudice is adequately addressed by the aforesaid condition. See *Id.* (affirming district court's Rule 41(a)(2) dismissal without prejudice even though defendant incurred costs because district court imposed the condition that should plaintiff refile, then plaintiff would be required to pay defendant's costs); *see also Watson v. Ala. Bd. of Pardons & Paroles*, No. 2:07-cv-794-MHT, 2008 WL 2939520, at *5 (M.D. Ala. July 25, 2008) (dismissing action under Rule 41(a)(2) without prejudice upon condition that plaintiff pay all costs of the dismissed action should plaintiff file a future action based on or including the same claim).

Moreover, nothing in this Order shall be construed as relieving Pinkston of her requirement to pay the sanction previously imposed by Judge McCoun in the amount of $6,785.20. (Doc. ## 173 at 10; 210 at 2).

### C.   Pending Motions to Dismiss Mooted

As the Court has determined dismissal under Rule 41(a)(2) is appropriate, Defendants' Motion for Involuntary Dismissal of Plaintiff's Civil Action for Intentionally Providing False Statements to the Court, Under Penalty of Perjury (Doc. # 144), and Defendants' Dispositive Motion for

Involuntary Dismissal of Plaintiff's Civil Action for Noncompliance with this Court's Order Dated May 16, 2016, (Doc. # 206), are denied as moot.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Pro se Plaintiff Rachel Pinkston's "Motion for Reconsideration to the Federal District Judge of Order (Doc. # [210]) Entered by the Federal District Magistrate Judge," filed on July 17, 2016, (Doc. # 215), which the Court construes as an objection filed pursuant to Federal Rule of Civil Procedure 72(a), is **OVERRULED.**

(2) Pro se Plaintiff Rachel Pinkston's Notice of Plaintiff's Voluntary Dismissal of Count II of the Second Amended Complaint (Doc. # 216), which the Court construes as a motion for voluntary dismissal without prejudice under Rule 41(a)(2), is **GRANTED.**

(3) Count II of the Second Amended Complaint, which is the sole remaining Count in this action, is **DISMISSED WITHOUT PREJUDICE** subject to the condition that, should Pinkston file a future action based on or including Count II of the Second Amended Complaint in any court, or seek redress thereof in any administrative agency, she shall be obligated to pay all attorneys' fees and costs

15

incurred by USF in defense of Count II of the Second Amended Complaint.

(4) Defendants University of South Florida Board of Trustees, Randy Larsen, David Merkler, and Matthew Battistini's Motion for Involuntary Dismissal of Plaintiff's Civil Action for Intentionally Providing False Statements to the Court, Under Penalty of Perjury (Doc. # 144), and Dispositive Motion for Involuntary Dismissal of Plaintiff's Civil Action for Noncompliance with this Court's Order Dated May 16, 2016, (Doc. # 206), are **DENIED AS MOOT.**

(5) The Clerk is directed **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of July, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE