## IN THE UNITED STATES DITRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RACHEL PINKSTON,**

     **Plaintiff,**

**v.**                                                                **Case No: 8:15-cv-1724-T-33TBM**

**UNIVERSITY OF SOUTH**
**FLORIDA BOARD OF TRUSTEES,**
**RANDY LARSEN, DAVID MERKLER,**
**and MATTHEW BATTISTINI,**

     **Defendants.**

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CHIEF DISTRICT JUDGE MERRYDAY FOR RECONSIDERATION AND TO CLARIFY ORDER (DOC. # [274])

COME NOW, Defendants, University of South Florida Board of Trustees, Randy Larsen, David Merkler, and Matthew Battistini (hereinafter collectively referred to as "Defendants" and individually referred to as "USFBOT," "Larsen," Merkler" and Battistini," respectively), pursuant to Local Rule 3.01(b) of this Court, and file their Response in Opposition to Plaintiff's Motion to Chief District Judge Merryday for Reconsideration and to Clarify Order (Doc. #[274]), as follows:

### I.     Pertinent Background Facts

A.     On April 22, 2016, Plaintiff, Rachel Pinkston (hereinafter "Plaintiff") filed her Second Amended Complaint in this action.  [R. Doc. No. 159]

B.     Shortly thereafter, upon Motions by Defendants, the District Court issued an Order dismissing Plaintiff's Second Amended Complaint in its entirety, save Count II, i.e., Plaintiff's Title IX retaliation claim against USFBOT.  [R. Doc. No. 198]

C.      On July 18, 2016, Plaintiff filed a Notice of Voluntary Dismissal of Count II of her Second Amended Complaint.  [R. Doc. No. 216]

D.      On July 19, 2016, the District Court dismissed the remaining claim (Count II) of Plaintiff's Second Amended Complaint and directed the Clerk of Court to close the case. [R. Doc. No. 221]

E.      On July 19, 2017, Plaintiff used CM/ECF to file a new Complaint against Defendants in this case, which had previously been closed at the instruction of the Court.  [R. Doc. No. 255]

F.      The District Court promptly struck the "new" Complaint, because Plaintiff had filed it in a closed case.  [R. Doc. No. 257]

G.      On August 11, 2017, Plaintiff filed an appeal of the District Court's Endorsed Order striking her Complaint.  [R. Doc. No. 264]  The Eleventh Circuit Court of Appeals subsequently reversed the District Court's Endorsed Order, stating that "[o]ur review of the district court record does not indicate that Plaintiff filed her complaint in the closed docket of the original action." Pinkston v. University of S. Fla. Bd. of Trs., 2018 WL 4691161 at * 5 (11th Cir. 2018).

H.      Based on the Eleventh Circuit's decision and subsequent Mandate, the District Court entered an Endorsed Order on October 29, 2018, which stated:

> Upon review of the Eleventh Circuit's opinion and mandate (Doc.
> ## [272], [273]), the Court determines that a new case should be
> opened with the Complaint Pinkston filed in this closed case using
> her CM/ECF access on July 19, 2017, (Doc. #[255]), as the
> operative complaint.  Accordingly, the Clerk is directed to open a
> new case with Pinkston's Complaint (Doc. #[255]) and the
> Application to Proceed in District Court without Prepaying Fees or
> Costs (Doc.255-1) as the initial docket entries.

[R. Doc. 274]

2

I.      On November 7, 2018, Plaintiff filed the Motion to which Defendants now respond: the Motion to Chief District Judge Merryday for Reconsideration and to Clarify Order (Doc # [274]) with Incorporated Memorandum of Law.  [R. Doc. No. 275]  In her Motion, Plaintiff argues that two sections of the language within the District Court's Endorsed Order are "ambiguous and prejudicially erroneous."  [Id., page 2]  First, Plaintiff argues that the District Court erred in stating, within its Endorsed Order, that she had filed her new Complaint in "this closed case."   [Id.] Plaintiff argues that because the Eleventh Circuit ruled that she had not filed the Complaint in a closed docket, it was inappropriate for the District Court to use that language.  Secondly, Plaintiff argues that the District Court's use of the term "operative Complaint" was an "ambiguous and potentially malicious characterization" by the Court, as she interprets the terms "operative" as a "'code' word for someone who has a racial or political agenda as an underlying motive for pubic [sic] behavior."  [Id., page 3]  Based on these issues with the language of the Endorsed Order, Plaintiff claims the Order is "another example of abuse of discretion and impatience" and seeks a variety of relief, including but not limited to the following:

a.  For the Chief District Judge to "direct the former trial judge to cease any further prejudicially erroneous input and/or interactions in this matter as Plaintiff's perception of bias is unchanged."

b.  For the Court to issue an order consistent with the Eleventh Circuit's holding that Plaintiff did not file her new Complaint in a closed case.

c.  For an order directing "the clerk to randomly assign this case to another judge pursuant to Local Rule 1.03(b)… or in the alternative, assign this case to a 'Three Judge District Court.'"

[Id., page 5]

3

J.      For the reasons set forth below, Defendants contend that Plaintiff's present Motion is ambiguous, unsupported by any authority, and should be denied in its entirety.

## II.      Argument and Authority

### A.      Plaintiff's Motion Should be Denied for Failing to Comport with Local Rule 3.01(g).

As she has done throughout this case, Plaintiff failed to confer in good faith with the undersigned, as required by Local Rule 3.01(g).  Plaintiff's "Certificate of Conference" section states:

> I, Rachel Pinkston hereby certify pursuant to FLMD Local Rule 3.01(g) Plaintiff would have attempted to conference with the Defendants last attorney of record prior to filing this Motion yet Plaintiff did not believe it to be proper as no case has been opened nor has any notice of appearance been made.

[R. Doc. 275]   Notably, Plaintiff's Motion was filed under case number 8:15-cv-1724.   The undersigned have represented Defendants in case number 8:15-cv-1724 since its inception and have had ongoing correspondence with Plaintiff regarding this matter, as recently as October, 2018.  Despite that, Plaintiff elected not to confer with the undersigned.

Plaintiff's failure to comply with Local Rule 3.01(g) has been on ongoing issue in this case. Plaintiff has failed to confer over and over, including at least in her Motion for Default Judgment [R. Doc. 70]; Motion for Miscellaneous Relief [R. Doc. 81]; Motion for Reconsideration [R. Doc. 119]; Motion for Reconsideration [R. Doc. 150]; and Motion for Reconsideration [R. Doc. 215]. Additionally, the Court has specifically addressed Plaintiff's repeated failure to comply with Local Rule 3.01(g) in at least two orders.  First, following a specific request from Plaintiff that she be excused from the requirements of Local Rule 3.01(g), the Court denied her request, stating: "The Court thinks it inadvisable to relieve Plaintiff of the obligation to confer with counsel for the Defendant." [R. Doc. 64; R. Doc. 78, page 5]  In a subsequent Endorsed Order, the Court stated:

> Further, the Court takes this opportunity to reiterate the importance
> of the Parties' compliance with Local Rule 3.01(g).  As recently
> emphasized by Judge McCoun, "the Court expects that Plaintiff and
> counsel for Defendants will make every effort to comply with their
> obligations to confer in good faith, pursuant to the Local Rules in
> order to advance this litigation."

[R. Doc. 85, citing R. Doc. 78]

Plaintiff has continuously made the decision to forego the requirements of Local Rule 3.01(g), despite reminders and instructions from Defendants and the Court to the contrary.  This situation is no different than all of the others.  Plaintiff somehow claims that she was not required to confer because there is a new case, but she herself filed the subject Motion under the old case number, in which the undersigned has been, and still is, counsel of record.

This Court has previously held that a party's repeated noncompliance with Local Rule 3.01(g) is a basis for the dismissal of a motion.  Billy R. Kidwell v. Charlotte Cnty. Sch. Bd., 2007 WL 9718741 at n. 7 (M.D. Fla. 2007).  Accordingly, Plaintiff's Motion should be denied in its entirety on that ground alone.

## B.   Plaintiff Provided No Authority to Support Her Motion.

The basis for Plaintiff's Motion in and of itself is unclear.  Plaintiff states during the introductory paragraph of her Motion that it is based on Federal Rules of Civil Procedure, Rules 52 and 59.  However, neither of those Rules seems to apply based on the substance of Plaintiff's Motion.

Rule 52 of the Federal Rules of Civil Procedure is titled "Findings and Conclusions by the Court; Judgment on Partial Findings."  Much of the rule applies to cases that have proceeded to trial, and in which a judgment (full or partial) has been entered.  Neither of those events have occurred in this case and Plaintiff has failed to identify a specific sub-section of the Rule or to explain how Rule 52 applies to her current Motion.  Similarly, Rule 59 of the Federal Rules of

5

Civil Procedure provides the process to seek a new trial or to alter or amend a judgment.  Again, Plaintiff's Motion does not relate to a trial or to a judgment, and as such, is not related to the authority cited.

### C. Plaintiff's Motion is Improperly Addressed to Chief District Judge Merryday.

Plaintiff titles her Motion "Plaintiff's Motion to Chief District Judge Merryday…" Plaintiff fails to provide, and Defendants are unaware of, any authority allowing a plaintiff to motion directly to the Chief Judge that would apply in this situation.  Plaintiff seeks specific relief from the Chief Judge, stating: "Plaintiff requests the Chief District Judge to ***please*** direct the former trial judge to cease any further prejudicially erroneous input and/or interactions in this matter as Plaintiff's perception of bias in unchanged."  [R. Doc. 275, page 4]  Plaintiff's Prayer for Relief is directed to the Chief Judge specifically, and includes the following request: "[a]ny other Relief Plaintiff did not specify but which is within the Chief District Court Judge's discretion which will allow for a fair Hearing on the merits within a reasonable amount of time." [Id., page 5]

Plaintiff's request that the Chief Judge direct the trial judge, Judge Covington, to "cease any further prejudicially erroneous input and/or interactions" is also inappropriate given the Eleventh Circuit's ruling on her earlier Motions to Recuse Judge Covington.  In its September 28, 2018, Order, the Eleventh Circuit specifically stated:

> The district court did not abuse its discretion by denying Plaintiff's motions because the standards for recusal were not met… That the judge was affiliated with other colleges, ruled against Plaintiff, made remarks stressing the importance of Plaintiff's compliance with her discovery obligations, and had once worked out of Jacksonville would not convince a reasonable person that bias actually exists or cause an informed lay observer to have significant doubt about the judge's impartiality.

<u>Pinkston v. University of S. Fla. Bd. of Trs.</u>, 2018 WL 4691161 at *3 (11th Cir. 2018).  Plaintiff

attempts to use her current Motion to resurrect her argument in favor of recusal, despite the fact

that the District Court and the Eleventh Circuit have uniformly denied this argument.

> D.      **<u>The Relief Requested by Plaintiff is Inappropriate.</u>**

Plaintiff includes seven paragraphs in her prayer for relief.  The first two paragraphs ask

the Court to grant her Motion and to "issue an Order consistent with the Eleventh Circuit Order

which states Plaintiff did not file a Complaint in a closed docket." [R. Doc. 275, page 5]  Although

it is not entirely clear, this seems to be a request for the Court to change the language used in its

October 29, 2018, Order or to remove the words "in this closed case". [R. Doc 274]  That language

is not contradictory to the Eleventh Circuit's Order as it is not a holding by the District Court, but

rather a description of the document which should be used to start the new case.

Next, Plaintiff asks the Court to "direct the clerk to randomly assign this case to another

judge pursuant to Local Rule 1.03(b)." [R. Doc. 275, page 5]  Plaintiff seems to confuse the case

in which she has filed her current Motion (the 2015 case, case number 8:15-cv-01724-VMC-

TBM), with the new case which has been instituted as a result of her Complaint and the Eleventh

Circuit's Order (the 2018 case, case number 8:18-cv-026510-VMC-SPF)[1].  She has provided no

grounds to support the reassignment of the 2015 case to a new judge, and such a request would

simply be an attempt to circumvent the prior rulings of both this Court and the Eleventh Circuit

denying Plaintiff's attempts to recuse Judge Covington.

---

[1] While Plaintiff's Complaint has been filed in the new action, Defendants have not been served, and, notably, Plaintiff has not met the requirements established in the District Court's prior Order. [R. Doc. 221] Defendants contend that Plaintiff's new civil action should be stayed in accordance with Rule 41(d)(2) of the Federal Rules of Civil Procedure until Plaintiff has paid the attorneys' fees and costs described in this Court's prior Order.  Once those amounts are paid to USFBOT, and Defendants are properly served, the new action may proceed.

Plaintiff then requests that "in the alternative" the Court "assign this case to a 'Three-Judge District Court'". [R. Doc. 275, page 5]   A district court of three judges is anticipated in Local Rule 1.06 and is used to ensure compliance with 28 U.S.C. § 2284, which allows for such a configuration when considering an action "challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Fed. R. Civ. P. 52.   As is clear from this language, a three judge district court is wholly inappropriate in this situation and seems to be another baseless claim used by Plaintiff to avoid Judge Covington.

Plaintiff's next request for relief is equally baseless and nonsensical.   Plaintiff requests that the Court "[d]etermine whether the parties involved in this matter must address each other with proper title (Plaintiff, Ms., Judge, Mr., Dr., etc.) as required by Local Rule 1.05(b) or if that rule is waived and the parties are free to address each other and the Court by surname only."   [R. Doc. 275, page 5]   Again, the authority cited by Plaintiff (Local Rule 1.05(b)) does not support the relief she has requested.   Local Rule 1.05(b) simply provides the requirement that all documents filed in an action include a proper case caption, which must include the name of the parties as well as their designations.   At no point does this Rule dictate how the parties are addressed during the pendency of the litigation, as Plaintiff appears to argue.

Finally, Plaintiff requested that her access to the CM/ECF system be restored.   This has since been accomplished through this Court's Order on November 8, 2018, in which it ordered that Plaintiff is entitled to use CM/ECF in this case and provided directions to her on how to register for an account.   As such, Plaintiff's request is now moot and that section need not be addressed further.

## IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that Plaintiff's

Motion to Chief District Judge Merryday for Reconsideration and to Clarify Order (Doc. #[274])

be denied.

DATED this 13th day of November, 2018.

<div style="margin-left:45%">

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 West Forsyth Street
Suite 1700
Jacksonville, Florida  32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By: s/ F. Damon Kitchen
F. Damon Kitchen
Florida Bar No. 861634
dkitchen@constangy.com
Ariel P. Cook
Florida Bar No. 46812
acook@constangy.com

Attorneys for Defendants, University of South Florida Board of Trustees, Randy Larsen, David Merkler and Matthew Battistini

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of November, 2018, I electronically filed a copy

of the foregoing via the CM/ECF system, which will serve a copy upon the following:

<div style="margin-left:45%">

Rachel Pinkston, *Pro Se*
Post Office Box 70021
Las Vegas, NV 89170

s/ F. Damon Kitchen
Attorney

</div>