UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL PINKSTON,

    Plaintiff,

v.                             Case No. 8:15-cv-1724-T-33TBM

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court in consideration of pro se Plaintiff Rachel Pinkston's "Motion to Chief District Judge Merryday for Reconsideration and to Clarify Order," filed on November 7, 2018. (Doc. # 275). Defendants University of South Florida Board of Trustees (USFBOT), Matthew Battistini, Randy Larsen, and David Merkler responded in opposition on November 13, 2018. (Doc. # 276). For the reasons that follow, the Motion is denied.

**I.    Legal Standard**

When, as here, a motion for reconsideration is filed within 28 days of an order, Rule 59 applies. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The

1

only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

## II. Discussion

As a preliminary matter, the Court notes that Pinkston addressed her Motion to Chief Judge Merryday. (Doc. # 275). Pinkston has cited no authority for her request that Judge Merryday address the Motion, and the Court is not aware of any such authority. Because the undersigned, rather than Judge Merryday, is assigned to this case, the undersigned will rule on the Motion.

Regarding the Motion's substance, Pinkston takes great issue with the way in which this Court drafted its Order opening a new case with Pinkston's stricken Complaint (Doc. # 255), pursuant to the Eleventh Circuit's mandate. (Doc. # 275 at 2-3). However, Pinkston appears to take no issue with the fact that this Court did order a new case number be assigned to her re-filed Title IX retaliation action so that Pinkston may litigate it. (Doc. # 274).

Indeed, a new case has been opened with the Complaint that was stricken in this case. See <u>Pinkston v. Univ. of S. Fla. Bd. of Trustees</u>, No. 8:18-cv-2651-T-33SPF (M.D. Fla. Oct. 29, 2018). Within that new case, the Magistrate Judge has granted Pinkston's motion for leave to proceed in forma pauperis. <u>Id.</u> at (Doc. # 5). Furthermore, in that case, the Court has granted Pinkston access to CM/ECF so that she may e-file her pleadings or other documents. <u>Id.</u> at (Doc. # 4).

As the Court has seen to it that a new case was opened with the stricken Complaint so that Pinkston may proceed on her Title IX retaliation claim, the Court has effectuated the Eleventh Circuit's mandate. Furthermore, Pinkston failed to comply with Local Rule 3.01(g), instead asserting that she "did not believe [conferral] to be proper as no case has been opened nor has any notice of appearance been made." (Doc. #

275 at 6). But Defendants have appeared and actively litigated this case (8:15-cv-1724-T-33TBM), and so should have been consulted before Pinkston filed her Motion. Therefore, for these reasons, Pinkston's Motion for Reconsideration is denied.

Nevertheless, the Court takes this opportunity to address two of the issues Pinkston raised in her Motion regarding how this Court drafts its orders. First, Pinkston objects to the Court's use of the phrase "operative complaint." (Doc. # 275 at 3). According to Pinkston, "operative complaint" is "not a legal term of art" and the word "operative" is "a 'code' word for someone who has a racial or political agenda." (Id.). Pinkston misconstrues the meaning of "operative complaint," which is a term frequently used by courts. See, e.g., Berene v. Nationstar Mortg. LLC, 686 F. App'x 714 (11th Cir. 2017)(using the term "operative complaint"); Harrigan v. Metro Dade Police Dep't Station No. 4, 636 F. App'x 470, 473 (11th Cir. 2015)(same). An "operative complaint" is the complaint in force in a case, meaning the complaint that asserts the claims currently at issue in that case.

Next, Pinkston takes issue with this Court's practice of referring to parties by their surnames without including an

honorific such as Ms. or Mr. (<u>Id.</u> at 5). The Court assures Pinkston that this practice is not a sign of disrespect towards any party. It is a writing convention that this Court prefers, and will continue to use. Furthermore, this writing convention does not violate Local Rule 1.05(b), as Pinkston asserts. <u>See</u> Local Rule 1.05(b), M.D. Fla. ("All pleadings, motions, briefs, applications, and orders tendered by counsel for filing shall contain on the first page a caption as prescribed by Rule 10(a), Fed. R. Civ. P., and in addition thereto shall state in the title the name and designation of the party (as Plaintiff or Defendant or the like) in whose behalf the paper is submitted.").

Finally, the Court will address an issue raised by Defendants in their response. In their response, Defendants state that Pinkston "has not met the requirements established in the District Court's prior Order." (Doc. # 276 at 7 n.1). In the prior Order to which Defendants refer, the Court dismissed Pinkston's Title IX retaliation claim without prejudice but imposed the condition that "should Pinkston file a future action based on or including Count II of the Second Amended Complaint [the Title IX retaliation claim] in any court, or seek redress thereof in any administrative agency, she shall be obligated to pay all attorneys' [fees]

and costs incurred by USF in defense of Count II of the Second Amended Complaint." (Doc. # 221 at 13). So, because Pinkston has refiled her retaliation claim, "Defendants contend that [Pinkston's] new civil action should be stayed in accordance with Rule 41(d)(2) of the Federal Rules of Civil Procedure until Plaintiff has paid the attorneys' fees and costs described in this Court's prior Order." (Doc. # 276 at 7 n.1).

True, Rule 41 provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). But defendants typically move for relief under Rule 41 in the newly-filed case. See Sandshaker Lounge & Package Store LLC v. RKR Beverage Inc., No. 3:17CV686-MCR/CJK, 2018 WL 2382089 (N.D. Fla. Feb. 28, 2018)(granting a Rule 41 motion for attorney's fees and costs and to stay in the newly-filed action); Cadle Co. v. Beury, 242 F.R.D. 695 (S.D. Ga. 2007)(imposing costs on plaintiff of its previously dismissed state court action under Rule 41). Thus, once served, Defendants may file in the new case a motion for attorney's fees and costs and to stay under Rule 41, in which they may

provide their calculation for the fees attributable to the retaliation claim and request a stay of the new case pending payment of those fees.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pro se Plaintiff Rachel Pinkston's "Motion to Chief District Judge Merryday for Reconsideration and to Clarify Order" (Doc. # 275) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of November, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE